Appeal from Third District.

## ANDERSON v. CERCONE.

No. 3326.   Decided April 12, 1919.   On Application for Rehearing
May 7, 1919.   (180 Pac. 586.)

1. HUSBAND AND WIFE—PROPERTY PURCHASED BY JOINT EARNINGS.
   Property purchased from the joint earnings of husband and
   wife, the wife's contribution of services consisting in her look-
   ing after the house and children while he transacted business
   outside, belongs to the husband, subject only to such interest
   as the law gives the wife in the husband's property. (Page 348.)

2. HUSBAND AND WIFE—PRESUMPTION OF GIFT—TITLE IN ONE TO
   PROPERTY PURCHASED BY FUNDS OF ANOTHER.   The equity rule
   that, where property is purchased with the money or assets of
   one person and the title thereto is taken in the name of an-
   other, in the absence of evidence showing a different intention,
   a resulting trust arises in favor of the person furnishing such
   money or assets is modified to the extent that it will be pre-
   sumed that the husband supplying the purchase money in-
   tended the property as a gift or advancement, which presump-
   tion is rebuttable.   (Page 349.)

3. TRUSTS—PROPERTY IN WIFE'S NAME PURCHASED BY HUSBAND'S
   MONEY—EVIDENCE.   In an action against plaintiff's divorced wife
   to quiet title to lands held in her name and purchased with his
   funds, uncontroverted testimony held to leave no doubt of
   plaintiff's intention that defendant should not take a beneficial
   interest in the land, but hold it merely in trust for him.[1]   (Page
   350.)

4. TRUSTS—RESULTING TRUSTS—STATUTE OF FRAUDS—Where a hus-
   band purchased property with his own funds, and had title
   placed in the name of his wife to hold for him without her
   taking any interest therein there was a resulting trust to which
   the statute of frauds does not apply.[2]   (Page 351.)

5. LIMITATION OF ACTIONS—CONTINUING TRUST—HUSBAND AND WIFE.
   Where a man and his wife are living together in the mutual
   confidence of the marriage relation and title to property pur-
   chased by the husband is taken in the wife's name because of
   the husband's trust and confidence in the wife, the relation of
   the parties implies that the trust is to be a continuing one
   until such time as it suits the husband's convenience to demand
   execution, or until repudiated by the wife, and the statute of
   limitations (Comp. Laws 1917, section 6449) does not run until
   such demand or repudiation.   (Page 352.)

---

[1] *Chambers v. Emery*, 13 Utah, 374, 45 Pac. 192.

[2] *Chambers v. Emery*, 13 Utah, 374, 45 Pac. 192; *Skeen v. Mar-
riott*, 22 Utah, 73, 61 Pac. 296.

6. HUSBAND AND WIFE—RESULTING TRUST—JOINT POSSESSION. Where husband and wife were in possession of property bought with the husband's funds, with title thereto in the wife's name, the possession was joint or in common, and during such possession the statute of limitations (Comp. Laws 1917, section 6449) would not run as a bar to the husband's contention that a trust existed in his favor. (Page 353.)

7. LIMITATION OF ACTION—ESTOPPEL TO SET UP LIMITATIONS. Where a wife held title in trust for her husband to land purchased with his funds, and she began suit for divorce and he instituted a suit to recover possession of such land, and she agreed to dismiss her suit and live with him if he would dismiss his suit, and he complied with the agreement and she did not, she is estopped, in his subsequent suit to recover the land brought after she secured divorce, to plead the statute of limitations. (Page 353.)

On Rehearing.

8. PLEADING—SUFFICIENCY TO SUPPORT JUDGMENT. In an action against plaintiff's divorced wife to quiet title to lands purchased with plaintiff's money and held in trust by her, his allegations, though inartificial, *held* sufficient to support a judgment for plaintiff; no special demurrer having been interposed. (Page 354.)

Appeal from District Court, Third District, Salt Lake County; *P. C. Evans,* Judge.

Action by G. A. Anderson against Signe Anderson Cercone, to quiet title to land and for other equitable relief. Judgment for plaintiff, and defendant appeals.

AFFIRMED.

*N. J. Sheckell* of Salt Lake City, for appellant.

*C. E. Norton* of Salt Lake City, for respondent.

THURMAN, J.

Plaintiff and defendant were formerly husband and wife. They were divorced in 1912. Prior to that time, as husband and wife, they had accumulated considerable property, in-

cluding the parcel of land which is the subject of this action. They were married in Copenhagen in 1893, but most of their married life was spent in Idaho and Utah, where the property was accumulated. So far as the record discloses they worked together as husband and wife, assisting each other substantially the same as married people ordinarily do who live happily together. She performed the household duties of a wife while he transacted the business outside. Sometimes she assisted him in and about the store, which constituted a part of their business. There was no separate property relations between them such as is known and recognized by the laws of this state.

After working a while at his trade as a printer in Utah, plaintiff and defendant went to Idaho, and there acquired a small piece of land in the town of Rexburg. This he sold for the sum of $1,200. With the money thus obtained, some time afterwards, he purchased the lot in controversy situated in Salt Lake City. At the time of the purchase, which was in 1909, plaintiff and defendant conversed together as to whom the property should be conveyed. Plaintiff said to his wife, "We better put it in your name; if I can't trust you, I don't know who I can trust." Thereupon the deed to the property was made to the defendant. They also accumulated other property in Salt Lake City, but it is not of special concern in this proceeding.

In 1912, for some reason not disclosed by the record, defendant brought an action against plaintiff to procure a divorce. An interlocutory decree was entered. About the same time plaintiff in this case sued defendant to recover the premises now in controversy. While these cases were pending plaintiff and defendant, at defendant's solicitation, came together and mutually agreed that her action for divorce and his action to recover the property should both be dismissed and thereafter they would resume cohabitation as husband and wife. The plaintiff, in pursuance of said agreement, dismissed his action to recover the property, but defendant continued her action for divorce and obtained a final decree. She thereafter married Cercone, with whom she was living as a wife at the time this case was tried.

This action was brought by the plaintiff to quiet title to the property in dispute and for such other and further relief as to equity shall seem meet and proper.

As a defense defendant relies on the deed above referred to, the statute of frauds (sections 5811 and 5813, Comp. Laws. 1917) and the statute of limitations (section 6449, Id.)

The trial court, sitting without a jury, found the issues in favor of plaintiff. Judgment was entered thereon. Defendant appeals.

Plaintiff himself has brought some confusion into the case by unnecessarily alleging that plaintiff and defendant became the owners of the property through purchase by means of their joint earnings. This induced defendant to place some reliance upon the supposition that she, at the time of the purchase, acquired some special interest in the property separate and apart from her interest as a wife. The record fails to disclose any such interest. The exact nature of her interest is properly reflected in a single question propounded to plaintiff on cross-examination and his answer thereto. We quote from the transcript:

"Q. Now you alleged in your complaint that the earnings here were the joint earnings of you and your wife; that is, you each had an interest in the earnings? A. Well, I considered her had some interest in it because she was looking after the house and the children and helping me what she could do."

It requires neither argument nor comment to convince the understanding that such interest of the wife does not constitute a separate estate in her, even in Utah, where the law is exceedingly broad and liberal in respect to the property rights of married women. *Mayer* v. *Kane,* 69 N. J. Eq. 738, 61 Atl. 374. Property purchased from the joint earnings of husband and wife as above described belongs to the husband, subject only to such interest as the law gives her in the property of her husband. In other words, her rights in such property are neither more nor less than they would be if the husband had bought the property with proceeds derived from his separate estate.

With this confusing element eliminated from the case there is nothing to obscure our vision in respect to the main ques-

tion. The case, as far as the trust relation is concerned, must be considered in the same light as we would consider a case in which the husband supplied the entire fund for the purchase of the property and permitted the deed to be made to his wife. Before dealing with this specific question, however, we will first refer to the general rule applicable to cases where one person furnishes the money to purchase property and the deed is made to another.

Respondent cites the following from 39 Cyc. pp. 118, 119:

"It is a well-settled rule of equity, in the absence of statutory provisions otherwise, that where property is paid for with the money or assets of one person, and the title thereto is taken in the name of another person, in the absence of circumstances showing a different intention or understanding a resulting trust in the property arises in favor of the person whose money or assets are so used, or persons claiming under him, the controlling question being the ownership of the purchase money, and this is true, although there is no actual intention on the part of the party purchasing and taking the conveyance to hold the equitable title for the party whose funds are used in the purchase."

The above excerpt is part only of an entire paragraph, the notes to which cite cases from nearly every state in the Union. It is not necessary to cite the cases here. Where not changed or modified by statute, as suggested by the author, the rule is practically universal. But where the relation of husband and wife exists, as in the case at bar, the rule is modified to the extent that, instead of a trust being presumed in favor of the husband who supplied the money to purchase the property, the presumption is that the deed or conveyance was intended to be a gift or an advancement, in which case no trust arises. This exception to the general rule is well stated by the same author above quoted, at page 136 of the volume referred to:

"The rule relative to a resulting trust in favor of the person paying the purchase money for property conveyed to another does not apply where the conveyance is made to the wife of the person paying the money; but, in such a case, it will be presumed, in the absence of circumstances showing a contrary intent, that the conveyance was intended as a gift, settlement, or advancement to the wife, and not as a resulting trust to the husband. * * *"

On page 137, however, in the same paragraph, the author says:

"The presumption, however, in favor of a gift or advancement may be rebutted, and a resulting trust in favor of the husband will arise where the circumstances existing at the time of the conveyance show an intention that the wife shall not take the beneficial interest. * * *"

These excerpts are well supported by the cases cited, many of which we have examined. Under the exception to the general rule, as stated in the quotation it must be presumed in the present case that the deed to the defendant was intended as a gift unless "the circumstances existing at the time of the conveyance show an intention that the wife should not take the beneficial interest."

The uncontradicted testimony in the case leaves no doubt in our minds that it was not the intention of the plaintiff that the defendant should take the beneficial interest. It was not intended as a gift or an advancement. When the question arose between them as to who should be named as grantee in the deed the plaintiff said, "We better put it in your name; if I can't trust you, I don't know who I can trust." Certainly this was not the language of a donor in the act of making a gift. It was more like the expression of one creating a trust in favor of himself, and such we are constrained to hold it to be. It is not necessary, however, in this case to rely on the language used by the plaintiff for the purpose of establishing the trust. We are not unmindful of the rule that, "to establish a resulting trust * * * in favor of one who furnished purchase money, public policy and the safety and security of titles to real estate, demand that the proof be scrutinized with great caution, and that it be clear, definite, unequivocal, and conclusive." It was so declared by this court in *Chambers v. Emery*, 13 Utah, 374, 45 Pac. 192. The rule, however, as applied to that case, related to the unsatisfactory character of the evidence introduced to prove that Chambers had furnished the purchase money for the property in question. Here there is not the shadow of a doubt that plaintiff paid the money. The testimony of plaintiff last above quoted is therefore not necessary to establish

the main feature of the trust, but merely to show that it was not his intention to give the property to his wife. The law to which we have referred as applied to the facts in the instant case leads us to the inevitable conclusion that the defendant in this case holds the title to the property in controversy in trust for the plaintiff, and, unless he is barred by the statute of frauds or the statute of limitations set up in the answer, the judgment of the trial court should be affirmed.

Appellant's plea of the statute of frauds is not supported by authority. The single case cited *Skeen* v. *Marriott*, 22 Utah, 73, 61 Pac. 296, relates to an express trust and therefore is not in point. The trust in this case is a resulting trust, to which the statute of frauds does not apply. *Chambers* v. *Emery*, supra.

Appellant also relies on the statute of limitations (Comp. Laws Utah, 1917, section 6449), which provides:

"No action for the recovery of real property,, or for the possession thereof, shall be maintained, unless it appear that the plaintiff, his ancestor, grantor, or predecessor was seized or possessed of the property in question within seven years before the commencement of the action."

We are not informed by any express declaration of appellant's counsel as to when in his judgment the statute of limitations began to run. From the fact, however, that he pleads the seven-year statute, and this action was commenced in 1917, we assume his contention to be that the statute began to run in 1909, when the property was purchased and the deed made to defendant. On that hypothesis the bar of the statute was complete when the action was commenced in 1917. Did the statute begin to run in 1909? That is the question to be determined. Counsel for appellant, in support of his contention, cites 25 Cyc. 1155, 1156, to the effect that the rule which holds that the statute does not begin to run until there has been a repudiation by the trustee applies only to express trusts; that in the case of an implied or resulting trust the statute is set in motion as soon as the beneficiary becomes entitled to assert his rights. The authority cited, on its face, seems to support this view. However, the question still remains as to whether there is not a vital distinction to be found even be-

tween different types of resulting trusts. If A. says to B., "Here is a thousand dollars; take it and purchase for me a certain parcel of land (describing it) and take the deed in your own name," it is quite possible that the statute of limitations would begin to run against A. from the time the deed was executed. But if A. and his wife are living together in the mutual confidence of the marriage relation, and A. says to his wife, "I want to purchase a certain piece of property and have the title made to you because of the trust and confidence I have in you" and the purchase is so made and the deed executed, it seems to us a very different rule would apply. The very nature of the case and the relation of the parties implies that the trust is to be a continuing one, at least until such time as it suits the convenience of A. to demand its execution, or until it is repudiated by the wife. In *Parks* v. *Satterthwaite*, 132 Ind. at page 415, 32 N. E. at page 83, the court, after stating the rule relied on by appellant here, says:

"It is true that there are cases where the demand must be made within the period fixed by statute. *Newson* v. *Bartholomew County*, supra [103 Ind. 526, 3 N. E. 163], and cases cited. But it is also true that there are cases where a different rule applies. Such a case, for instance, is that of a continuing trust, or of a contract to keep for another money of which he makes a deposit [citing cases.] No general rule can be laid down that will fit all cases, since there are cases where justice requires that a demand should be made within the statutory period, while in others the nature of the contract and the situation of the parties require that it be adjudged that the trust or obligation is a continuing one, which is not violated or broken until there is a refusal to honor a demand, and that until the statute does not begin to run [citing cases]."

The cases cited support the doctrine announced in the quoted excerpt.

In *Faylor* v. *Faylor*, 136 Cal. at page 96, 68 Pac. at page 484, where the statute of limitations was invoked against a resulting trust, the court says:

"The action is not barred by any statute of limitations. The trustee held under the original understanding, and did not repudiate his trust until shortly before the action was brought. The trust was a resulting trust, and was not within the statute of limitations so long as the trust relation existed unrepudiated."

The opinion cites with approval *Butler* v. *Hyland,* 89 Cal. 575, 26 Pac. 1108, which is to the same effect. In that case the fourth syllabus reflects the opinion of the court, and reads as follows:

"Where a trust, voluntarily assumed, was by the understanding of the parties to be a continuing one, and the trustee continued to hold according to the undertsanding, and never repudiated the relation, or did any acts inconsistent with it, the statute of limitations does not run as against the cestui que trust."

We heartily approve the doctrine announced in these cases, and believe it to be especially applicable to the facts in the instant case. But there is another reason appearing on the face of the statute relied on by appellant why the statute should not be a bar to plaintiff's right to recover. Respondent as well as appellant was in possession of this property until she brought her suit for divorce in 1912. Their possession was joint or in common. Under the very terms of the statute relied on as a bar appellant's contention cannot be sustained. In addition to this there is another question presented for our consideration. The record shows that plaintiff commenced an action to recover this same property in 1912, while defendant's divorce proceeding was pending against him; that at that time, at defendant's suggestion, plaintiff and defendant entered into an agreement that if plaintiff would dismiss his action to recover the property defendant would dismiss her action for divorce and they would resume cohabitation as husband and wife.. In pursuance of this agreement plaintiff dismissed his action to recover the property,   6, 7 but defendant prosecuted her action for divorce to a final decree, and shortly afterwards married another man. The conduct of defendant in that proceeding was a palpable egregious fraud and she should not be permitted, in a subsequent proceeding in a court of equity, to take advantage of her own wrong. If there were no authority whatever on the subject we would be inclined to hold that under the circumstances of this case the plea of the statute of limitations should not prevail.

The following doctrine is enunciated in 25 Cyc. 1016:

"The doctrine of equitable estoppel may, in a proper case, be

invoked to prevent defendant from relying upon the statute of limitations, it being laid down as a general principle that, when a defendant, electing to set up the statute of limitations, previously by deception or any violation of duty towards plaintiff has caused him to subject his claim to the statutory bar, he must be charged with having wrongfully obtained an advantage which equity will not allow him to hold."

Many of the cases cited in the note, also in note 67, same paragraph, support the language of the text.

This disposes of all the assignments of error necessary to be considered.

The judgment is affirmed, at appellant's costs.

CORFMAN, C. J., and FRICK, WEBER, and GIDEON, JJ., concur.

ON APPLICATION FOR REHEARING.

THURMAN, J.

On application for rehearing appellant urges the point that the complaint is insufficient to support the judgment. Let it be granted that the complaint is not a model of good pleading, the question is, however, Is it sufficient as against a general demurrer? In the first paragraph it alleges exclusive ownership in the plaintiff. In the second it alleges that the defendant claims an interest in the property without any right whatever. In the third it alleges that the title was placed in defendant's name without any consideration. And in the closing paragraph it alleges that defendant holds the title in trust for the plaintiff. In the face of these allegations, every one of which implies exclusive ownership in the plaintiff, the further allegation that the property was purchased with the joint earnings of plaintiff and defendant clearly implies that such earnings occurred in the ordinary relations of husband and wife, and therefore belong to the husband, as stated in the opinion. To so construe the complaint gives effect to every allegation. To construe it otherwise nullifies, in effect, the plain meaning of those allega-

tions in which exclusive ownership in the plaintiff is alleged or implied. Furthermore, the plaintiff alleges that defendant mortgaged the property for $2,000 and converted the proceeds; that she has had the exclusive use and benefit of the rents and profits ever since April, 1912, besides selling and converting the proceeds of other property which, together with the property in question, is alleged to be of the value of $10,000. The complaint prays that plaintiff's rights be determined, and for such other relief as may be equitable and just. It certainly cannot be contended under these allegations that plaintiff is not entitled to some relief. The complaint may be inartificial, crude, and informal; it may be uncertain and indefinite in some particulars; it may be defective on special demurrer, but no such demurrer was interposed.

The petition for rehearing is denied.

CORFMAN, C. J., and FRICK, WEBER, and GIDEON, JJ., concur.