## NUTTALL v. HOLMAN et al.

No. 6852.   Decided November 1, 1946.   (173 P. 2d 1015.)

See 66 C. J., Vendor and Purchaser, sec. 324; 55 Am. Jur., 1029, 1004.

*J. Rulon Morgan,* of Provo, and *Elias Hansen,* of Salt Lake City for appellants.

*George W. Worthen* and *Dean E. Terry,* both of Provo, for respondent.

KELLER, District Judge.

The plaintiff brought this action in the District Court of Utah County, Utah, to compel the specific performance of a contract whereby the defendants Willard H. Holman and his wife agreed to sell and the plaintiff agreed to buy for the sum of $20,000 a 110 acre farm in Utah County, together with 30 shares of stock in the Provo Water Users Company, 74 shares of stock in the Pleasant Grove Irrigation Company, certain farm machinery and tools on the farm, 5 work horses, 25 chickens, 3 weaner pigs, 1 brood sow, and 1 cow. The contract was oral and resulted from negotiations which began about the middle of June, 1943, and continued until the 19th day of August, 1943, at which time the plaintiff paid to the defendant, Willard R. Holman, $1000 as a part payment on the agreed purchase price. No further payment was made except that it was understood between the parties that the plaintiff was to receive a credit of $1,000 which would be paid to the defendant, Willard R. Holman, by some Japanese farmers who had one 40 of the farm under lease until the following January. The plaintiff was unable to pay the purchase price agreed upon except through funds to be raised by borrowing or through the sale of other property. This seems to have been well understood by the defendant, Willard R. Holman, and to enable the plaintiff to use the farm as a security in the borrowing of money, the defendants Willard R. Holman and his wife on August 24, 1943, executed a warranty deed to the property naming the plaintiff as grantee and placed the same with one George W. Brown an agent of the Federal Land Bank of Berkeley to be delivered to the plaintiff in the event that the whole of the purchase price was paid.

The plaintiff executed notes and mortgages covering the farm and in due time said bank made available to the plaintiff to apply on the purchase price of said contract a net amount in the sum of $9,313, which amount was held by the agent Brown for delivery to the defendant Holman at such time as the plaintiff was ready and able to pay the

balance of the purchase price. Throughout the period between the 19th day of August, 1943, and the 11th day of December of said year, the defendant Willard R. Holman made numerous demands for payment and at the request of the plaintiff granted extensions of more or less indefinite duration. On the 4th day of December, 1943, George W. Brown, the agent for the Federal Land Bank of Berkeley, advised the plaintiff that he had received a communication from the bank directing that the money held by Brown be returned to the bank unless the loan could be consummated within a period of 15 days. On or about the 11th of December, 1943, the defendant Willard R. Holman gave notice to the plaintiff that all of the money to make full payment for the farm must be raised by December 18th. A. Ray Ekins and Diantha Ekins, his wife, and L. Stanford Patten and Ellen Patten, his wife, were made parties defendant because on or about the 22nd day of December, 1943, the property covered by the contract was transferred to them by the defendant, Willard R. Holman, and his wife. The parties are in dispute as to what occurred with relation to the contract in the period between the 18th day of December and the 22nd day of that month, and so far as it is material to the determination of the issues in this case will be discussed hereafter.

On the issue of plaintiff's claim for specific performance of the contract, the trial court found against the plaintiff and entered a judgment dismissing the plaintiff's action with prejudice.

To obtain a reversal of the trial court's judgment, the plaintiff makes 26 assignments of error. Most of them relate to rulings of the Court which resulted in testimony being admitted from which the trial court made the following findings:

"That on or about the 20th day of December, 1943, at the request of plaintiff, it was agreed that plaintiff and defendant should meet at the National Farm Loan Association office on December 22, 1943, at 2:00 o'clock P. M., and close the deal.

"That pursuant to said previous arrangement, defendant, Willard R. Holman, went to the National Farm Loan Association office on December 22, 1943; that plaintiff failed to appear at the National Farm Loan Association office on December 22, 1943.

The Court further finds that on the 20th or 21st day of December, 1943, and subsequent to the time the agreement was made for plaintiff and defendant, Willard R. Holman, to meet on December 22, 1943, at the office of the National Farm Loan Association, plaintiff called at the office of the National Farm Loan Association and informed Miss Joyce Fage, official of said association, that he was unable to raise the balance of the money and would be unable to meet the requirements and accept the loan of the Federal Land Bank of Berkeley.

"The court further finds that the plaintiff, by the notice given to Willard R. Holman on or about the 21st day of December, 1943, through Miss Joyce Fage, officer of the Utah Central National Farm Loan Association, and by his falure to appear at the office of said association on December 22, 1943, in accordance with the agreement of the parties, abandoned the contract and all his rights including the right to specific performance."

If these findings are within issues made by the pleadings and are sustained by competent evidence, the preponderance of which supports them, and if under the law they support the judgment it becomes unnecessary to determine what merit, if any, there is in the assignments of the plaintiff going to subjects other than those covered by the quoted findings, except the assignment hereinafter specifically dealt with.

Did the answer of the defendants Holman and wife tender an issue warranting the quoted findings?

The plaintiff advances the contention that it does not, because it contains no allegation of an abandonment of the contract. It is of no importance that the court in its findings characterize alleged and proven facts as falling in the category of an abandonment if such facts however designated or characterized are such as relieved the defendants Holman and wife of an obligation to specifically perform the contract. It is true that Holman's answer does not contain an allegation that on a day or two prior to the 22nd of December the plaintiff notified Brown and defendant Holman that he was unable to raise the balance

necessary to make the full payment of the purchase price. The answer does allege the promise of the plaintiff to pay the full purchase price on December 22nd and his failure to do so. To sustain this allegation, it was competent to offer the proof of the plaintiff's announced inability to pay, and if this proof was competent for that purpose and the plaintiff was given a fair opportunity, as he was, to meet it, it is difficult to see how the plaintiff was prejudiced if the trial court drew a conclusion from the proof that might be said to be something more than a deduction that the plaintiff failed to pay. The quoted findings may, therefore, be said to be within the issues made by the answer of the defendants Holman and wife.

Is there competent proof to sustain the quoted findings?

Plaintiff's principal argument to sustain a negative answer to this question is one calculated to demonstrate that the testimony of Joyce Fage and George W. Brown was hearsay. Such testimony was to the effect that they told the defendant Willard R. Holman in the absence of the plaintiff that the plaintiff had been to the office of the witnesses and there stated in substance that he was unable to obtain a $3,000 balance necessary to make available the full purchase price of $20,000, and was unable to accept the loan of the Federal Land Bank. Under the circumstances by which payment was to be accomplished in the transaction under consideration, both the defendant Holman and the witness George W. Brown were to receive the information concerning the state of the plaintiff's efforts to procure the money with which to complete payment. Brown could not release the money being loaned by the Federal Land Bank until he knew that the plaintiff was ready and able to pay such a balance as together with the funds being borrowed from the bank he represented would equal $20,000. It is quite natural, therefore, that the plaintiff would use Brown or his secretary, Miss Fage, in making communications to the defendant Holman. Furthermore, the plaintiff himself testified that on December 11th, he called George W. Brown and told him to get in touch with defendant Hol-

man, and that he was ready to complete the deal. Brown transmitted the message to Holman. Holman and wife and the plaintiff and wife met at Brown's office and used Brown to make the additions and computations necessary to ascertain what amount plaintiff had available to pay to Holman. These circumstances and others testified to by witnesses other than the plaintiff may justify a conclusion that the plaintiff made Brown and Miss Fage his agents to convey to Holman the particular information to which he objects as hearsay. The plaintiff denied making the statement attributed to him by Miss Fage. He did, however, admit on cross-examination that whatever the statement was, he gave her instructions to transmit the information to Brown and Holman. This would seem to end the argument and justifies the conclusion that the testimony of Miss Fage as to what she told Holman and Brown in the absence of the plaintiff was not hearsay. It follows that the quoted findings are supported by competent evidence.

Does a preponderance of the evidence favor the quoted findings?

The evidence is in conflict on the subject of whether the plaintiff promised to make payment on the 22nd day of December, 1943, and is in conflict on the subject of whether on the 20th or 21st of said month he declared to Miss Fage that he was unable to raise the $3,000 necessary to make available to him the whole purchase price of $20,000. To enumerate in detail the evidence, facts, and circumstances for and against the findings would serve no useful purpose in this decision. Suffice it to say that a careful examination of the whole record warrants a holding that the quoted findings are supported by a preponderance of the evidence.

Do the quoted findings in law support the judgment entered?

The answer to this question may best be made by a brief discussion of some of the evidence. Early in the negotiations which ended in this law suit, the defendant Holman informed the plaintiff that he could not sell for anything but cash because the property belonged to an estate which

must be divided. On an occasion when the plaintiff wanted to make a small payment the defendant Holman refused it because he didn't want to be bound to sell until it could be determined if the plaintiff could raise the whole of the purchase price. At the time he accepted the $1,000 paid by the plaintiff, he did so because the plaintiff was removing hay from the farm and defendant Holman wanted to guard against being placed in a situation of having not received any money that might cover the value of crops being taken by the plaintiff, in the event that the deal was not consummated. According to the testimony of the plaintiff, he, in the early stages of the negotiations, told the defendant Holman that it would take him from 60 to 90 days and perhaps longer to raise the money with which to make payment in full. Approximately 6 months went by without the plaintiffs being able to raise the money with which to pay the purchase price. The defendant Holman granted several extensions of time of more or less indefinite duration. The plaintiff made several attempts to borrow money but one after another failed to bring the necessary money either because the terms were not satisfactory to the plaintiff or because the sources to which application was made failed to approve the loans. As time went on, the situation became such that the defendant Holman might well have concluded that the granting of extensions was unproductive of results that would ultimately lead to the plaintiffs obtaining the necessary money. When immediately following December 4th, Mr. Brown notified the plaintiff that the loan by the Federal Land Bank would have to be closed within 15 days, it must have appeared to defendant Holman and to the plaintiff as well that unless the funds in addition to those to be supplied by the Federal Land Bank were raised at once that further delay would not materially aid plaintiff to perform. Furthermore, the defendant Holman had found another prospective purchaser in the persons of the defendants Ekins and Pattens. His opportunity to sell to them was one that might be lost unless action were taken to make the time of performance by the plaintiff certain.

The situation had become one where sound business judgment and prudence made it desirable for him to fix a definite time for performance by the plaintiff. Situations similar to this are common in human affairs and recognizing this the law gives to the parties to a contract the right to make certain that which has been uncertain and as is said in law "make time the essence of the contract." The court found that on December 18, 1943, the defendant Holman informed the plaintiff that unless the whole of the purchase price was raised within a week's time that the "deal would be called off." It found also that the plaintiff with the consent of the defendant chose and fixed the 22nd day of December as the date upon which he would make payment in full. Most certainly the plaintiff cannot complain if he was not granted a greater time for raising the necessary money when he himself chose the time which he apparently deemed adequate to enable him to meet his promise.

The plaintiff contends that no finding of the court warrants a conclusion that the plaintiff abandoned the contract because there is no evidence of an intentional relinquishment of his rights thereunder. From the evidence the court made the finding that the plaintiff told Miss Fage that he could not raise the balance required to meet the purchase price in full and could not accept the loan of the Federal Land Bank. If he could not do these things it is difficult to say what rights he might claim under the contract other than a settlement with the defendant Holman involving the $1,000 that he had paid to defendant Holman, the taxes and water assessments paid by him, and the rents and profits that he had received from the farm. The statement made to Miss Fage was competent proof of the fact that plaintiff was unable to perform and of his intention not to perform. Whether or not such an intention is of the kind necessary to show an abandonment is of no importance.

The plaintiff makes the further contention that there could be no rescission by the defendant Holman because of plaintiffs having announced his inability to perform and his failure to pay on the 22nd day of December,

1943, because there was no offer on the part of the ■ defendant Holman to return the $1,000 received by him and to reimburse the plaintiff for taxes and water assessments paid. This contention is sufficiently answered by calling attention to the fact that the court found, and properly, that the rental value of the farm and personal property for the period during which the plaintiff received the rents and profits exceeded the sums paid by the plaintiff on the purchase price and by the payment of taxes and water assessments by the sum of $146. Equity does not demand of a seller an offer to return purchase moneys paid where the rents and profits received by a purchaser from the property involved in the sale are equal to, or greater, than the sum received by the seller.

In Bancroft's Code Practice and Remedies, Volume 1, Title, The Action, Section 235, Page 373, the author says:

"A person seeking to rescind is not obliged to restore or offer to restore that which he would in any event be entitled to retain. Nor need he restore or offer to restore what he has received where a decree in his favor would require the other party to account for an equal or greater amount."

The plaintiff makes the further contention that his failure to have available at the time fixed for payment $3,000 necessary to make full payment of the purchase price of $20,000 was not such a substantial breach as to warrant a rescission by defendant Holman. The evidence ■ is conclusive that at least in the period following the meeting of December 11th, hereinabove referred to, that both plaintiff and defendant considered the transaction one which required full and complete payment of the purchase price before there arose any obligation on the part the defendant Holman to convey to the plaintiff. For this court to say that under the circumstances the defendant Holman should have extended the time of payment for the balance, would be an invasion of the right of the parties to make their own contract.

Passing now to a consideration of the court's finding to the effect that the defendants Ekins and Pattens were obliged to pay interest in the sum of $106.56 in order to secure a release of the mortgages executed by the plaintiff to the Federal Land Bank, and its judgment ■ that Ekins and Pattens recover that amount from the plaintiff. The plaintiff assigns this finding and the judgment based thereon as error. There is no pleading which supports this finding and judgment nor is there any evidence that the plaintiff ever authorized Ekins and Pattens to pay the sum of $106.56 to the Federal Land Bank of Berkeley. There is no allegation and no proof that the Federal Land Bank ever assigned any such claim to Ekins and Pattens, nor is there any evidence that the plaintiff was obligated to pay to the Federal Land Bank of Berkeley any such sum. It follows that the court was in error in making this finding and the findings and judgment should be modified accordingly.

The defendant Holman made three cross-assignments of errors. These cross-assignments were not argued and go to matters which in the light of what has already been said upon the principal issues involved in this case are of no consequence to the substantial rights of the parties.

The defendants A. Ray Ekins and wife and L. Stanford Patten and wife make 13 cross-assignments of error. What has already been said affirming the trial court's holding to the effect that the plaintiff is not entitled to specific performance disposes of some of them. The balance relate to issues tendered by a counterclaim. In this counterclaim, the only delict attributed to the plaintiff is couched in the following language:

"* * * these counterclaimants, A. Ray Ekins and L. Stanford Patten have been prevented from occupying said property, working the land of said property, or enjoying the use thereof, and that the plaintiff has wrongfully removed all the hay and grain of these counterclaimants from the premises and has prevented these counterclaimants from caring for the live stock owned by them and purchased from said Willard R. Holman; and while in possession of said realty, live stock

and other personal property the plaintiff and his wife Lucille W. Nuttall have neglected and abused the same and these counterclaimants A. Ray Ekins and L. Stanford Patten, by reason of the unlawful acts of plaintiff and his wife, have suffered damage in the sum of $6,000.00:
* * *"

It will be noted that this is a very general allegation. It does not set forth how or in what manner the realty was neglected or abused, nor what acts of the plaintiff with respect to the personal property resulted in damage. With respect to the alleged exclusion of these defendants from the use of the property, the trial court gave them a judgment for its rental value. With respect to the alleged removal of hay and grain, all the testimony of these defendants is to the effect that there was certain hay and grain upon the premises which they purchased from defendant Holman along with the farm and other personal property. The testimony does not show that this hay and grain was not a part of the hay and grain harvested by the plaintiff during the period of his effort to purchase from defendant Holman. In this connection, it should be borne in mind that the court gave defendant Holman a judgment for the rental value of the premises for a period ending at the time Ekins and Pattens purchased, and that in doing so the plaintiff was made to pay defendant Holman for this same hay and grain. Obviously the plaintiff should not be required to pay the value of this produce to both defendant Holman and the defendants Ekins and Pattens. With respect to the personal property other than the hay and grain, the court gave the defendants Ekins and Pattens a judgment for its return, and its value if return could not be had. Under the quoted allegation, the court permitted defendants Ekins and Pattens to show facts and circumstances from which they claimed an injury to the real estate. An examination of the evidence on that subject discloses that it was of such a nature that the court would be put to indulging in speculation and conjecture to reach a finding that the real estate was damaged by the plaintiff.

The court also permitted the defendants Ekins and Pattens under the quoted allegation to show what items they had expended in the payment of insurance premiums, taxes, and water assessments and the failure of the plaintiff to pay taxes. In so doing, the court was certainly sufficiently liberal. In awarding these defendants a recovery of the rental value for the year 1944 he undoubtedly took the position that the burden of paying taxes, water assessments, and insurance rested with defendants Ekins and Pattens as landlords. It follows from this that the defendants Ekins and Pattens were not prejudiced by the trial court's refusal to give them a judgment for these items.

Considering the whole record, the findings and judgment appealed from do substantial justice between the parties, and the judgment appealed from with a modification eliminating from the recovery of the defendants Ekins and Pattens the item interest paid to the Federal Land Bank of Berkeley is affirmed. Respondents Holmans to recover their costs against appellant Nuttall; all other parties to pay their own costs.

LARSON, Chief Justice, and McDONOUGH, WADE, and WOLFE, JJ., concur.

PRATT, J., not participating.