JACOB SINMAN *vs.* SAMUEL MEZOFF.

Suffolk.    March 5, 6, 1951. — April 3, 1951.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Accounting.    Partnership,* Accounting.

In computing the net profits remaining for division between partners in an accounting upon dissolution of the partnership, the amount of capital contributions made by one of the partners at the inception of the partnership through purchase of equipment and payment of rent should first be allowed him and deducted from the assets if he had not been reimbursed therefor.

BILL IN EQUITY, filed in the Superior Court on September 1, 1948.

The suit was heard by *Smith,* J.

*A. R. Mezoff,* for the defendant.

No argument nor brief for the plaintiff.

SPALDING, J.    This is a bill in equity by which the plaintiff seeks the dissolution of a partnership and an accounting. From a final decree dissolving the partnership and ordering the defendant to pay the plaintiff the sum of $898 the defendant appeals. The evidence is not reported, but there is a statutory report of material facts supplemented by further findings ordered by this court pursuant to G. L. (Ter. Ed.) c. 231, § 125A, inserted by St. 1949, c. 171, § 1.

It appears that the plaintiff and the defendant entered into an oral agreement of partnership, which resulted in their operation of a retail meat market in Revere for the period of approximately eight weeks ending on August 20, 1948. By the terms of the agreement the parties were to share equally in the ownership and operation of the business. In regard to their respective contributions of capital the judge

found: "At the beginning of the operation of the business . . . [the plaintiff] paid out $100 on a telephone account, which he got back, and an electric light bill. . . . [The defendant] bought a butcher block for $48 and paid the rent for one month." (The amount of this rent payment does not appear.) "It was agreed in the testimony of both parties that the average business receipts were $1,200 a week, and that the cost of merchandise was about $800 per week, with $100 for expenses, such as rent, electricity, clerk hire, laundry, paper, bags and incidentals. This left a balance of $300, out of which salaries of the two partners amounting to $125 were paid, leaving a weekly net balance of $175. When the partnership was terminated, there . . . [were] also among the assets, meat, paper, a meat block, and accounts receivable, which I found to be in value around $396. It did not appear that any debts were outstanding at the conclusion of the business." During the existence of the partnership its financial affairs were attended to by the defendant.

By multiplying the weekly net balance of $175 by eight and adding $396, the value of the above mentioned physical assets, the judge found the undistributed profits to be $1,796, and that there was due to the plaintiff one half of this sum, or $898.

The sole question for decision, as the defendant concedes, is whether the facts found by the judge support the decree. "A report of material facts under the statute must contain every fact necessary to support the decree, from the entry of which no fact not expressly found may be implied." *Carilli Construction Co.* v. *John Basile & Co. Inc.* 317 Mass. 726, 727.

We are of opinion that in certain respects the facts found do not support the decree. An allowance of $48 ought to have been made to the defendant for his capital contribution of the meat block, as there is nothing to show that this amount was ever repaid. Nor does it appear that the defendant has been repaid his capital contribution of one month's rent. Both of these items must be deducted from

the assets of the partnership before the profits can be computed. G. L. (Ter. Ed.) c. 108A, § 40 (b), III and IV. Similarly a credit should have been allowed the plaintiff for the undetermined amount of the electricity bill which he paid and for which he does not appear to have been reimbursed, but as he has not appealed he is not entitled to a more favorable decree. *Greenaway's Case*, 319 Mass. 121, 122. Except to the extent indicated above the findings of the judge support the decree.

The decree is reversed and the case is remanded to the Superior Court for further findings as to the amount of the rent payment made by the defendant. If such sum has not been repaid to him, he is to be credited therewith, as well as with the sum of $48, prior to a division of the profits. The defendant is to have the costs of this appeal.

*So ordered.*