■ Leo Gordon, Respondent, v. Herman Ginsberg, Appellant.— In an action for the dissolution of a partnership and for an accounting, defendant appeals from an interlocutory judgment of the Supreme Court, Kings County, entered July 30, 1963 after a nonjury trial, upon the opinion and decision of the court in plaintiff's favor. Interlocutory judgment modified on the law and the facts, as follows: (1) by striking out its tenth decretal paragraph adjudging that no accounting is required with respect to the leather goods business conducted by the parties; (2) by substituting therefor a paragraph directing the parties likewise to account to each other before the Special Referee for the management and operation of the leather goods business previously conducted by the parties, and for all income and profits derived by each from such business; and (3) by amending the seventh decretal paragraph so as to direct that the account to be served by the defendant shall also include all of the income and moneys derived by him in any form whatsoever from the said leather goods business. As so modified, judgment affirmed, without costs. Defendant's time to serve the account, as directed by paragraph seventh as here amended, is extended until 40 days after entry of the order hereon or until such time as the parties may mutually agree by written stipulation. Findings of fact contained or implicit in the opinion and decision of the court below which may be inconsistent herewith are reversed, and new findings are made as indicated herein. The parties, concededly, were partners in a leather goods business known as Ginsberg Brothers. The principal dispute between them is whether they were also partners in certain real estate ventures into which defendant enterd in his own name. We are of the opinion that the proof was sufficient to support the finding of the learned trial court that the parties were partners in the real estate transactions. Each party, on the accounting which has been directed, may establish the amount of his capital contributions to the various ventures and each will be entitled to the return of such contributions before any division is made of

the remainder of the assets (Partnership Law, § 40, subd. 1; cf. *Gillespie* v. *Gillespie,* 124 Misc. 881). We are also of the opinion, however, that an accounting of the leather goods business should have been ordered. Both parties requested such an accounting in their pleadings; the business allegedly was the source, at least in part, of the funds used for the purchase of the real estate; and, under the circumstances presented by this record, we believe such an accounting is required in order to determine, adequately, the respective rights of the parties. Beldock, P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.