403 P.2d 22

**Rulon R. WEST, Plaintiff and Appellant,**

v.

**Terry R. WEST and Flora E. West,
Defendants and Respondents.**

No. 10251.

Supreme Court of Utah.

June 15, 1965.

**412**

Fabian & Clendenin, Bryce E. Roe, Salt Lake City, for appellant.

Mabey, Ronnow, Madsen & Marsden, Christian Ronnow, Salt Lake City, for respondents.

CROCKETT, Justice.

Plaintiff Rulon R. West appeals this case for the second time,[1] seeking to reverse a judgment against him awarding his son Terry 40%, and his wife Flora 20%, of the assets of a family partnership by which they owned and operated El Rancho Motel at Murray, Utah amounting to $114,820.75. Defendants Terry and Flora cross-appeal from part of the judgment ordering that several advancements to the partnership by the plaintiff, totaling $29,645.39, after a certain date, be regarded as loans to the partnership and repaid in full to the plaintiff.

The pivotal problem in this case is whether the father, Rulon R. West, in initiating the family enterprise and investing money in the motel referred to, made gifts to his said wife and son in the proportionate shares mentioned above. The first appeal was from a summary judgment in which the trial court so ruled based principally upon documentary evidence. In that decision we indicated that upon a consideration of such evidence in the light of the circumstances shown there was sufficient uncertainty as to the intent of the parties that the plaintiff should be afforded a trial and opportunity to present evidence. Accordingly the cause was remanded for that purpose. Pursuant to that remand and trial of the issues the judgment appealed from was entered.

The background facts are set forth in our prior decision. We recite herein only such evidence as seems essential to con-

1. See prior decision, 15 Utah 2d 87, 387 P.2d 686 (1964).

sideration of the issues treated on this appeal. It was in 1957 that Rulon R. West advanced $47,500 as down payment on the El Rancho Motel and $1,000 to be used as working capital. The son Terry agreed to leave other interests and devote full time to this business. The general purport of the arrangement appears to have been that the partners should participate in the enterprise in the proportions of Rulon R. West, 40%, Terry R. West, 40%, and Flora E. West, 20%. The partnership agreement provided that the net profits should be so divided between the partners; that the partners should in like proportion bear all losses including capital; and it further provided that if the partnership should terminate, then the assets should be distributed in those proportions.

The business did not prosper and it was necessary for the father, Rulon, to make further advances of money from time to time between 1957 and 1960 until approximately $150,000 had been invested. Finally, early in 1960 it was decided to sell out and discontinue the partnership. In April 1960 a dissolution agreement and a supplement thereto were executed. As a result of disagreement over the division of the assets of the partnership plaintiff filed this action. Inasmuch as this is a suit over an accounting in a partnership, it is a suit in equity and it is the responsibility of this court to review questions of both law and fact.[2] But we do so generally in the light most favorable to the findings of the trial court, and reverse only if the evidence or lack of it renders it clearly necessary to do so.[3]

Plaintiff contends that the moneys he advanced were in effect loans to the partnership which should be repaid to him before distribution of the assets; whereas, the defendants argue that his advancements were outright gifts to the family enterprise and that upon dissolution the assets should be distributed in the proportions stated. Plaintiff places reliance on the proposition that his contributions were set upon the books of the partnership as capital and that under Sec. 48–1–37(2) (c) U.C.A. 1953 capital is a liability, that is, a debt payable by the partnership; and upon the further provision of the Uniform Partnership Act, Sec. 48–1–15(1) U.C.A.1953 that, "each partner shall be repaid his contributions * * * by way of capital * * * to the partnership properties." We agree that ordinarily, upon dissolution of a partnership, the distribution of capital should be in the same proportion as it was paid in by the partners;[4] and thus Rulon's con-

2. See Stevens v. Gray, 123 Utah 395, 259 P.2d 889 (1953).

3. See Child v. Hayward, 16 Utah 2d 35, 400 P.2d 758–759 (1965).

4. See Glenn v. Weill, 319 Pa. 380, 179 A. 563 (1935); Baum v. McBride, 152 Neb. 152, 40 N.W.2d 649, 651–652 (1950); Buzianis v. Buzianis, 81 Utah 1, 8, 16 P.2d 413, 415 (1932).

tributions would be payable to him as liabilities of the partnership before the net assets would be distributed in the proportions stated. However, as stated in Sec. 48–1–15 and 37 U.C.A.1953, the rules just stated are all "subject to any agreement" among the partners. Whether there was such here is the inquiry of moment.

It must be conceded that the evidence as to whether the father, Rulon West, intended an outright gift of 40% interest to his son, Terry, and 20% interest to his wife, Flora, in this enterprise at its inception leaves a great deal to be desired. There was testimony that no mention was made of such a gift to the defendants at that time. The principal evidence relied upon by them is the testimony of Terry himself. He stated that in a conversation with his father about two weeks before the articles of partnership were signed, his father made the statement:

"Assuming we sold it for book value, * * * there would be approximately $150,000 to be distributed, and I [Terry] would receive 40% of that sum, which would be tax free.

* * * * * *

"He [plaintiff] told me * * * that he would like to have, in the Partnership Agreement, a statement that where, upon his death, that, automatically, I would be distributed part of his capital; and I told him, 'I wasn't so worried about what would happen upon your death as how worried I am as, after I changed my future plans in accounting and engineering, if I come out here, and for one reason or another, this thing is a flop.'

"He says, 'This is no problem because *we can have another arrangement in the Partnership Agreement, whereby, upon a dissolution, you will be protected there, too.'* "

But it is significant that the Articles of Partnership were made up and signed after the above statement allegedly was made and they do not contain any clear expression of such intent. In fact, the Articles, together with the bookkeeping procedures, kept by Terry himself, which set up Rulon's contributions in the capital account, could fairly be interpreted as showing the intent that plaintiff's contributions were to be regarded as debts of the partnership, which would have to be repaid before distribution of the net assets to the partners.

■ The important and controlling aspect of this case is that the evidence as to what took place at the time it was decided to discontinue and liquidate leaves very little room for doubt or uncertainty that the father, Rulon R. West, intended *at that time* to make a gift to the defendants of the stated proportions of the enterprise. The dissolution agreement executed April 2, 1962, referred to the distribution in the proportions of Rulon R. West, 40%, Terry

R. West, 40%, and Flora E. West, 20%; and the supplement to that agreement recites in paragraph 1:

"The contribution made by Rulon R. West with respect to the 40% interest acquired by Terry R. West, *was and is a gift* from Rulon R. West to Terry R. West * * *"

and further in paragraph 3:

"The undersigned, Rulon R. West, further certifies that the interest in the El Rancho enterprises was not only *a gift to Terry R. West, but also to Flora West and their interests were acquired by virtue of the gift.*"

Terry testified that in discussing the prospective dissolution his father said that he did not know how much the business would be sold for, but that if it sold for book value, there would be about $150,000 to be distributed and that Terry would receive 40% of that sum, which would be tax free. Immediately after he came home from signing the dissolution agreement the plaintiff stated in the presence of members of the family, his sister, Mrs. Ruth West Francis, and his daughter, Donna West Holmes, and her husband, Leroy Holmes, that Terry was to receive 40% of the partnership assets as an advance on his share of the plaintiff's estate. Further, Leroy Holmes testified that when the parties signed the dissolution agreement Terry made the statement that he was taking 40% of the money his father had contributed to the motel as his inheritance which as a gift would result in a tax advantage to both. This statement was in substance corroborated by Mr. E. L. Schoenhals, the attorney who assisted in preparing the agreement.

 The requirement that there be a delivery of the gift was accomplished by delivery to the partnership,[5] and there is a reasonable basis in the evidence upon which the trial court could fairly regard it as constituting the required clear and convincing proof that Rulon West had given 40% of the entire enterprise, including his capital contributions, to his son, Terry, and 20% thereof to his wife, Flora, at the time of the dissolution. It should be noted that while this is the usual rule as to proof of a gift,[6] in finding that proof the court may place some reliance on the fact that it is natural to make a gift to a member of one's family.[7]

 We are unable to reconcile the finding that the gifts were made to Terry

---

5. Requirement of Delivery, see Helper State Bank v. Crus, 95 Utah 320, 81 P.2d 359 (1938).

6. Jones v. Cook, 118 Utah 562, 223 P.2d 423, 425–426 (1950) and authorities cited thereat.

7. Gift to a wife, see Anderson v. Cercone, 54 Utah 345, 180 P. 586, 587–588 (1919); see generally 41 C.J.S. Husband and Wife § 153, p. 626; gift to child see Sawyer v. White, 122 F. 223, 225 (8th Cir. 1903).

and Flora at the time of dissolution with what appears to us to be an inconsistent finding: that is, that the several advancements made by Rulon to the enterprise after the letter of December 3, 1958 were not intended as gifts to the enterprise, but were to be regarded as loans and repayable to him in full. The making of the gift at the time of dissolution being established, no matter what plaintiff may have done or said prior to that time inconsistent with the theory of gift, and no matter how completely or absolutely he had retained ownership or control of the property prior to that time, would make no difference. Inasmuch as he clearly indicated his intent to make the proportionate gifts to the defendants of the entire enterprise after that date, and stated no exception or limitation in doing so, we can see no basis upon which to sustain the finding which excepts those advancements from the judgment. Such finding is in harmony with neither the contention of the plaintiff, who insists that there was no gift whatsoever, nor with the contentions of the defendant, who asserts that plaintiff's entire contributions were

gifts. Ordinarily findings which are at variance with the claims of both parties are not favored and are carefully scrutinized on review.[8]

■ Another issue requiring attention is raised concerning the salary due Terry West, who served as full time manager of the enterprise. In order to eliminate unnecessary detail, we state in summary that the recital in the trial court's finding No. 8 that: "Unpaid salary to Terry in the sum of $2,002.45 from October 15, 1957 through March 21, 1960, should be paid him" is sustainable and it should be regarded as a debt of the partnership to be paid before distribution of assets.

On plaintiff's appeal, the judgment is affirmed. As to defendants' cross-appeal, the judgment is modified by striking the $29,645.39 credited to plaintiff as advancements. Costs to defendants (respondents). (All emphasis added.)

HENRIOD, C. J., and McDONOUGH, WADE and CALLISTER, JJ., concur.

8. See Batchoff v. Melzner, 71 Mont. 411, 230 P. 48 (1924); also see Nuttall v. Holman, 110 Utah 375, 172 P.2d 1015, 1020 (1946); and In re Behm's Estate, 117 Utah 151, 213 P.2d 657, 663, 40 A.L.R.2d 490 (1950).