VASSALLO v. SEXAUER

1. PARTNERSHIP—CAPITAL CONTRIBUTION—ACCOUNTING—DISTRIBUTION.

Contribution by plaintiff of $10,000 to the capital of a partnership when joining it must first be returned to him before profits are determined and distributed in settlement of the partners' accounts upon dissolution of the partnership, in the absence of any agreement otherwise (MCLA §§ 449.18, 449.40).

2. PARTNERSHIP—SALARIES—DIVISION OF PROFITS—ACCOUNTING—DISTRIBUTION.

Amounts of money paid weekly to partners as salaries should not be considered as a division of profits or as a return of capital in a partnership accounting and distribution upon dissolution of the partnership.

Appeal from Macomb, George W. Deneweth, J. Submitted Division 2 December 10, 1969, at Detroit. (Docket No. 6,231.) Decided February 26, 1970.

Complaint by John Vassallo against Carl F. Sexauer for a partnership accounting. Judgment for plaintiff. Plaintiff appeals as to amount. Reversed and remanded for entry of increased judgment for plaintiff.

*Martin, Bohall, Joselyn, Halsey & Rowe,* for plaintiff.

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 40 Am Jur, Partnership § 347 *et seq.*

Before: LESINSKI, C. J., and LEVIN and DANHOF, JJ.

LEVIN, J. This is an appeal from a judgment in a partnership accounting. The question presented is whether, upon dissolution of the partnership, the plaintiff was entitled to the return of the $10,000 which he had contributed to its capital before any division of profits. The trial judge ruled against the plaintiff; we reverse.

The plaintiff and the defendant were equal partners in a two-man partnership. The partnership purchased the common capital stock of Van Dyke Dodge, Inc., an automobile dealership. The plaintiff contributed $10,000 to the capital of the partnership which was used to pay part of the purchase price of the stock; the trial judge found that the balance of the purchase price was paid out of profits of the corporation. Neither partner contributed any other capital. The partnership had no business other than its investment in the capital stock of Van Dyke Dodge, Inc.

In connection with its dissolution, the partnership sold its only asset, the stock in Van Dyke Dodge, Inc., for $21,474. There were no liabilities; the trial judge found that the profits of the partnership were $21,474. He also found that the interest of each partner in the profits was one-half of that amount, namely, $10,737.

The defendant claimed that shortly after the sale of the stock $10,000 was paid to the plaintiff and the trial judge so found, which finding the plaintiff does not challenge on this appeal. The judge ruled that the $10,000 paid the plaintiff would be treated as partial payment of plaintiff's $10,737 share of the profits and entered a judgment in plaintiff's favor for $737 plus interest and costs.

Plaintiff contends that the trial judge erred in not first returning to him the $10,000 which he contributed to capital before dividing profits, and that after returning the $10,000 the profits of the partnership would be only $11,474, and that one-half of that amount, namely $5,737, should have been awarded to the plaintiff, together with interest and costs. We agree with the plaintiff's analysis.

The partnership agreement was oral. It is not claimed that there was any agreement regarding the right of a partner who contributed capital to the return of his capital contribution. Accordingly, under §§ 18 and 40 of the uniform partnership act[1] the plaintiff was entitled, upon dissolution of the partnership, to the return of the $10,000 which he had contributed to capital before profits were determined and distributed in settlement of the partners' accounts.[2]

The defendant was president and general manager of Van Dyke Dodge, Inc., and received a salary of $12,000 a year in 1962, which was increased to $15,000 a year in 1965. The partnership was dissolved

---

[1] "Sec. 18. The rights and duties of the partners in relation to the partnership shall be determined, subject to any agreement between them, by the following rules:

"(a) Each partner shall be repaid his contributions, whether by way of capital or advances to the partnership property and share equally in the profits and surplus remaining after all liabilities, including those to partners, are satisfied; and must contribute towards the losses, whether of capital or otherwise, sustained by the partnership according to his share in the profits." MCLA § 449.18 (Stat Ann 1964 Rev § 20.18).

"Sec. 40. In settling accounts between the partners after dissolution, the following rules shall be observed, subject to any agreement to the contrary:  *  *  *

"(b) The liabilities of the partnership shall rank in order of payment, as follows:

"(I) Those owing to creditors other than partners,

"(II) Those owing to partners other than for capital and profits,

"(III) Those owing to partners in respect of capital,

"(IV) Those owing to partners in respect of profits;" MCLA § 449.40 (Stat Ann 1964 Rev § 20.40).

[2] We, have found no Michigan decision in point. In the following cases the uniform partnership act was relied on to support the court's

in 1967. The plaintiff received a salary of $100 a week from the corporation during most of this period. The trial judge was of the opinion that the $5,200 annual salary paid by the corporation to the plaintiff was to be weighed in the partnership accounting. He said, "I might add in passing, I do not think Mr. Vassallo [plaintiff] has too much to complain about. For a $10,000 initial investment, which I think he got back,[3] he received salaries which in my opinion were for absolutely nothing. Absolutely nothing. They were a gift. You received over $20,000 so you do not have much to complain about."

The point is, however, that the amounts paid weekly by the corporation to the plaintiff and the defendant were, as the judge found, paid as salaries, not

---

determination that upon dissolution of a partnership, in the absence of a conflicting agreement, each partner is entitled to have restored to him his capital contributions before any division of profits: *Glenn* v. *Weill* (1935), 319 Pa 380 (179 A 563) (citing § 18); *Sinman* v. *Mezoff* (1951), 327 Mass 285 (98 NE2d 263) (citing § 40); *Gordon* v. *Ginsberg* (1964), 22 App Div 2d 944 (255 NYS2d 966) (citing § 40); *Valley Springs Holding Corp* v. *Carlson* (1929), 56 SD 163 (227 NW 841) (citing § 18); *West* v. *West* (1965), 16 Utah 2d 411 (403 P2d 22) (citing § 18); *En Taik Ha* v. *Kang* (1960), 187 Cal App 2d 84 (9 Cal Rptr 425) (citing § 18); *Burnett* v. *Hopwood* (1932), 187 Minn 7 (244 NW 254) (citing §§ 18, 40); *Bass* v. *Daetwyler* (Mo App, 1957), 305 SW2d 339 (citing §§ 18, 40); *Rosenberger* v. *Kuesel* (1928), 292 Pa 184 (140 A 860) (citing §§ 18, 40).

Other cases so holding but which did not rely on either cited section of the uniform partnership act are: *Hunter* v. *Allen* (1944), 174 Or 261 (147 P2d 213), *modified on other grounds* 174 Or 261 (148 P2d 936); *Baum* v. *McBride* (1950), 152 Neb 152 (40 NW2d 649); *Tiffany* v. *Short* (1943), 22 Cal 2d 531 (139 P2d 939).

See, generally, Crane and Bromberg, Law of Partnership, § 90, p 507; 40 Am Jur, Partnership, § 348, p 373.

[3] There is an obvious inconsistency in saying that the $10,000 which the trial judge found plaintiff received following the dissolution of the partnership was paid in return of his $10,000 initial contribution to capital and also treating the same payment as plaintiff's share of the profits. But that is what the trial judge did when he held that the proceeds of the sale of the capital stock of Van Dyke Dodge, Inc., $21,474, should be equally divided, $10,737 to each partner, and against plaintiff's share counting "the $10,000 initial investment, which I think he got back."

either as a division of profits or as a return of capital.

Reversed and remanded for the entry of a judgment in plaintiff's favor in the sum of $5,737 plus interest and costs.

All concurred.