327 P.2d 250

**Thomas HOLLAND, Plaintiff and Appellant,**

**v.**

**LeRoy A. WILSON, Jr., as Administrator of the Estate of LeRoy A. Wilson, Deceased; W. L. Rasmussen; Veola Hatch Rasmussen, et al., Defendants and Respondents.**

No. 8853.

Supreme Court of Utah.

July 8, 1958.

12

Sam Cline, Milford, Ellis J. Pickett, St. George, for appellant.

Hafen & Nelson, St. George, for respondents.

WORTHEN, Justice.

Appeal from the trial court's denial of a jury trial in an action to quiet title to certain unpatented mining claims.

In his complaint appellant alleged that he "is now the owner of and at all times since February 20, 1955, has been the owner of and entitled to the possession of, against all the world, excepting the Government of the United States of America," of said property. The complaint further alleged that defendants "have wrongfully and unlawfully interfered with the Plaintiff's right to the possession and occupancy of said mining claims * * * and have prevented the Plaintiff from mining and removing uranium ores and other minerals from said premises to the Plaintiff's damage." It also alleged that "the Defendants and each of them, claim some right, title and interest or estate in and to the lands and mining claims above described and in or to the minerals therein, but that the said claims * * * are without any right * * *"

Appellant prayed that he be decreed the owner, and entitled to the possession of, the lands and mining claims, that it be decreed that defendants have no right therein, that title be quieted in plaintiff, and that the court issue a restraining order against defendants' interference with plaintiff's possession. There was also a prayer for damages in the amount of $50,000.

The plaintiff made due and timely demand for a jury trial and paid the fee. The court, however, refused to grant a jury trial, observing, "* * * the record may show that this being a matter for quiet title, an equitable matter in which a jury could be advisory only, the court did not feel that it was in the public interest to call a jury to advise him on a matter that he wouldn't be obligated to follow."

In its pretrial order the trial court designated as an issue of fact the following:

"1. Did the defendants do the assessment work for the year ending July 1, 1954, on each of the claims involved in this lawsuit?"

The transcript of the proceedings discloses the following statement by the court:

" * * * The issues I think that will determine this case in view of the agreements are rather limited. First, did the defendants do assessment work for the year ending July 1, 1954? If they did, that should dispose of this case. * * *"

The only question involved in this appeal is whether or not in this type of action plaintiff has an absolute right to have the issues of fact determined by a jury, when proper demand has been made therefor. We are of the opinion that there can no longer be any question as to this right.

■ Much has been said as to the right to a jury trial being determined by the predominance of legal or equitable issues. In the case of Norback v. Board of Directors of Church Extension Soc.,[1] this court stated:

" * * * If the issues are legal or the major issue legal, either party is entitled upon proper demand to a jury trial; but, if the issues are equitable or the major issues to be resolved by an application of equity, the legal issues being merely subsidiary, the action should be regarded as equitable and the rules of equity apply."

However, in that case it was held that an action by the plaintiff to establish a claimed easement, for an order enjoining defendant from asserting a claim as against the plaintiff thereto, and for damages, was essentially legal and that the defendant was entitled to a jury trial. It was likewise declared in that case that either party to an action at law has the right to a trial by jury when timely and properly demanded.

■ This court has already held that an action to quiet title is an action at law and either side upon request is entitled to a jury trial. In Babcock v. Dangerfield,[2] this court stated:

"Appellant commenced an action in the district court to quiet title to certain property alleging that he 'is now and ever since the year 1916 has been, the owner and entitled to the possession' of said property. The complaint further alleged that 'defendants claim some right, title, interest or estate therein, adverse to plaintiff'; that said claims are without merit; and that defendants have no right whatever in the property described. Appellants then prayed that 'defendants be required to set forth the nature of their claims'; that it be

1. 84 Utah 506, 37 P.2d 339, 345.

2. 98 Utah 10, 94 P.2d 862.

decreed that defendants have no right, title or interest in the premises or any part thereof; that the title of the appellant be determined to be good and valid.

\* \* \* \* \* \*

"When the case came on for trial appellant made proper application for a jury trial on the theory that the action was one in law. The trial court, however, refused to grant a jury trial. Appellant assigns as error the trial court's refusal. It is clear from the pleadings in this case that the *action is one at law and therefore that a jury trial should have been granted.* \* \* \*" (Emphasis added.)

We are unable to see wherein the instant case can be distinguished from the Babcock case, supra. Admittedly the legal title to the property has not passed from the United States of America. We are of the opinion, however, that the mere fact that the naked legal title rests in the United States of America is not sufficient to deprive plaintiff of his right to have a jury adjudge the issues of fact in determining the beneficial title and the right to possession of the mining claims.

■ The basic question for determination in this case as indicated in the pretrial order and as disclosed in the court's statement regarding the issues is the doing of assessment work by defendants. If the defendants did the assessment work for the year ending July 1, 1954, on their claims, then that land was not open to location, and the locations made by plaintiff were void and of no force or effect. But that is purely a fact question which should have been submitted to a jury and the trial court improperly refused appellant's request for a jury.

■ We are further of the opinion that although historically an action to quiet title was originally equitable and the law courts had no jurisdiction to grant such relief, that situation does not prevail in this state. Formerly the equity courts afforded relief because there was no adequate remedy at law. In this jurisdiction, however, there is an adequate remedy provided by statute under the provisions of Chapter 40 of Title 78, U.C.A.1953. Likewise in this state the distinctions between law and equity actions have been abolished by Article VIII, Sec. 19, of the Constitution of Utah.

We are further of the opinion that the right to a jury trial in this type of case is assured by Section 78–21–1, U.C.A.1953, which declares:

"Right to jury trial.—In actions for the recovery of specific real or personal property, with or without damages \* \* \* an issue of fact may be tried by a jury, unless a jury trial is waived \* \* \*"

■ It is our opinion that the above language, if given a reasonable and rational construction, must be interpreted as de-

claring that all issues of fact relating to possession and rights to possession of specific real or personal property may be determined by a jury unless a jury trial is waived. We see no merit to the fine distinction sometimes expressed to the effect that if a person seeks to recover possession of real property the action is legal and entitles him to a jury trial, whereas if he is in possession and seeks to prevent any interference with his possession the action is equitable and a jury trial may not be had, except in an advisory capacity. We are of the opinion that where the question is presented as to the right to possession, the right to a jury trial is guaranteed. Only by such a construction can the section be liberally construed to effect what we believe were the objects and intent of the same.

 Furthermore, we interpret Rule 39 (a), U.R.C.P. as giving the right to have any legal issue of fact tried by a jury upon proper demand. That Rule provides:

"When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the register of actions as a jury action. The trial of all issues so demanded shall be by jury, unless * * * (2) the court upon motion or of its own initiative finds that a right of trial by jury *of some or all of those issues* does not exist, * * *" (Emphasis added.)

We are not unmindful of what we quoted from the Norback case, supra, but that case was decided before the adoption of the U. R.C.P.

In the case of Buckley v. Cox,[3] plaintiff brought an action to quiet title in a driveway in herself and to enjoin the defendants from further use of the same. This court speaking through Mr. Justice McDonough in an unanimous opinion held that the action was one at law.

Judgment reversed with directions to set the case for jury trial on the factual issues involved. Costs to appellant.

McDONOUGH, C. J., and CROCKETT, WADE and HENRIOD, JJ., concur.

3. 1952, 122 Utah 151, 247 P.2d 277.