417 P.2d 126

**John J. SWEENEY, Plaintiff and Appellant,**

**v.**

**HAPPY VALLEY, INC., a Utah corporation, Defendant and Respondent.**

**No. 10259.**

Supreme Court of Utah.

July 18, 1966.

Nielsen, Conder & Hansen, Salt Lake City, for appellant.

Parsons, Behle, Evans & Latimer, Robert S. Campbell, Jr., Nathan J. Fullmer, Salt Lake City, for respondent.

CROCKETT, Justice.

Plaintiff John J. Sweeney sues defendant Happy Valley, Inc. for an accounting under a contract for a real estate development in southeast Salt Lake County, and an injunction restraining Happy Valley from conveying lands at prices less than their fair market value. The trial court refused plaintiff's demand for a jury trial; ordered defendant to account on the basis of actual receipts from sales of real property, rather than on fair market value as plaintiff requests; and denied plaintiff's request for other injunctive relief. Plaintiff appeals contesting those rulings.

In August of 1957, Sweeney and others not involved in this action entered into a written agreement with Happy Valley for

the development of approximately 366 acres of land near the mouth of Big Cottonwood Canyon in Salt Lake County. It provided that Sweeney would purchase 166 of the 366 acres and establish an 18-hole golf course to be known as the Willow Creek Country Club, and that Happy Valley would subdivide the remaining 200 acres to be sold for residential purposes. Sweeney was entitled to receive 7.95 per cent of the receipts from such sales upon an accounting from Happy Valley " * * * not less frequently than quarterly, showing all sales made * * * the gross proceeds of the sale, together with a showing of the distribution thereof * * *."

Planning and promotion of sales had commenced in 1957, but due to difficulties with county planning agencies, the approval of subdivision plats was not obtained until November 1959; and the market for the lots was not as favorable as had been anticipated. Meanwhile Happy Valley had to keep up payments on contracts of purchase of the properties and on work and improvements. In order to meet these obligations it became necessary for the three principal shareholders, who were also directors of Happy Valley, Owen W. Bunker, C. Taylor Burton, and Kirk Graff, to make monthly contributions. They did so under an agreement that for money so advanced they would receive lots at $3000 each. Under this arrangement, between November 1959 and May 1961 a total of 96 lots were conveyed to them. It is the plaintiff's contention that this price was below the fair market value and that the defendants should account to him on the latter basis.

In urging his right to a jury trial the plaintiff relies on Sec. 78-21-1, U.C.A. 1953:

> In actions for the recovery of specific real or personal property, with or without damages, or for money claimed as due upon contract or as damages for breach of contract, or for injuries, an issue of fact may be tried by a jury, unless a jury trial is waived or a reference is ordered.

and adds thereto that one division of the District Court in the pre-trial order had set the case for jury trial.

This action indeed involves a claim for damages for breach of contract as plaintiff argues. If it were only that, it would come within the statute just quoted. But there is also included a demand for an accounting and for injunctive relief, which provide the basis for equity jurisdiction.[1] This is true not only where there is an accounting in a fiduciary re-

---

1. See Lane v. Peterson, 68 Utah 585, 251 P. 374; West v. West, 16 Utah 2d 411, 403 P.2d 22; Hays v. Cowles, 60 Cal. App.2d 514, 141 P.2d 26; Gaines Bros. Co. v. Gaines, 188 Okl. 300, 108 P.2d 177; Rivoli Drug Co. v. Lynch (9th Cir.) 50 F.2d 536.

lationship as insisted by the plaintiff, but also wherever one person relies upon another to act for him under an agreement such as the instant one.[2]

▇ In circumstances where doubt exists as to whether the cause should be regarded as one in equity, or one in law wherein the party can insist on a jury as a matter of right, the trial court should have some latitude of discretion. In making that determination it is not bound by the ostensible form of the action, nor by the particular wording of the pleadings. It may examine into the nature of the rights asserted and the remedies sought in the light of the facts of the case to ascertain which predominates; and from that determination make the appropriate order as to a jury or non-jury trial.[3] The fact that the division of court hearing the pre-trial indicates that the case is set for a trial by jury is entitled to some consideration and should not be countermanded without good reason. Nevertheless it is the prerogative of the judge who actually tries the case to make the determination. Unless it is shown that the ruling was patently in error or an abuse of discretion, this court will not interfere with the ruling thereon.

▇ Plaintiff claims the trial court erred in placing on him the burden of proving lack of good faith of the defendant directors in their dealings with the Happy Valley Corporation. He argues that as a creditor he is entitled to treat such transactions the same as shareholders could, requiring the defendants to prove their good faith. We do not question the rule that when a fiduciary deals for his own interest with the beneficiary, in case any question arises, such dealings should be scrutinized with great care, and the burden is upon him to show good faith in the transaction.[4] This rule applies in favor of the stockholders of a corporation as against its officers, but it does not ordinarily extend to a creditor.[5] The latter is not entitled to intrude into the internal affairs of the corporation unless it be shown that the transaction was entered into with intent to hinder or defraud creditors or that their interests are adversely affected by

2. See Valdes v. Larrinaga, 233 U.S. 705, 34 S.Ct. 750, 58 L.Ed. 1163; Barnes v. Barnes, 282 Ill. 593, 118 N.E. 1004, 4 A.L.R. 4; Patterson v. Getz, 166 Or. 245, 111 P.2d 842; 1 Am.Jur.2d, Accounts and Accounting, § 52.

3. See Sonleitner v. Superior Court, 158 Cal.App.2d 258, 322 P.2d 496; Hutchason v. Marks, 54 Cal.App.2d 113, 128 P.2d 573; People v. One 1941 Chevrolet Coupe, 37 Cal.2d 283, 231 P.2d 832;

Petty et ux v. Clark et al, 113 Utah 205, 192 P.2d 589.

4. See 3 Fletcher on Corporation, § 921 (Perm.Ed., Revised Vol.); Glen Allen Mining Co. v. Park Galena Mining Co., 77 Utah 362, 296 P. 231.

5. See Lyness v. L. J. Kuske Realty Co., 54 N.D. 479, 209 N.W. 993, 48 A.L.R. 474; Sweet v. Lang, (8th Cir.) 14 F.2d 762; Hamilton v. Menominee Falls Quarry Co., 106 Wis. 352, 81 N.W. 876.

**118**

putting the corporation in a hazardous financial condition. Only when those circumstances are shown does the burden of proving good faith in the transaction shift to the corporation and its officers.[6] The evidence here justified the trial court in refusing to accept the plaintiff's contention of fiduciary responsibility to him and in applying the general rule that the burden of proving fraud was upon the plaintiff who asserted it.

Without belaboring the alleged erroneous rulings on evidence in detail, we can say in summary that we see no substantial and prejudicial error therein. The rulings of the trial court reflect the correct view that in order for evidence concerning sales of other property to be admissible as bearing on the market value of the property in question, the test of comparability of the sales must be met: that the type of land, its location, its uses, actual and potential, and the time and circumstances of the sale, are sufficiently similar that the price paid for the other property can fairly and reasonably be regarded as having probative value as to the worth of the property in question.[7]

It is also to be remembered that where the trial is to the court the rulings on evidence are not as critical as where it is to a jury.[8] The court did receive considerable evidence presented by plaintiff in his attempt to prove that the fair market value of the lots was in excess of $3,000, and included this in the findings:

> The opinion testimony as to fair market value introduced by witnesses appearing on behalf of plaintiff reflected an unnecessary and unreasonable amount of witness instruction by plaintiff himself. Such opinion testimony appeared biased and colored to fit plaintiff's preconceived theories as to value, and accordingly lacked sufficient credibility to be of assistance to the Court.

On the other hand there was competent credible evidence from qualified witnesses that the price of $3000 per lot was fair. It was the prerogative of the court to choose which testimony it would believe. In that regard the trial court further found:

> Plaintiff has failed to establish either by clear and convincing evidence or by a mere preponderance of evidence that the fair market value of the considered

---

6. See Gay v. Hudson River Electric Power Co., (2d Cir.) 187 F. 12; MacQueen v. Dollar Savings Bank Co., 133 Ohio St. 579, 15 N.E.2d 529, 117 A.L.R. 1258; Lyness v. L. J. Kuske Realty Co., supra, footnote 5; Sweet v. Lang, supra, footnote 5.

7. See State By and Through Road Commission v. Peterson, 12 Utah 2d 317, 366

P.2d 76; Southern Pacific Co. v. Arthur, 10 Utah 2d 306, 352 P.2d 693; State of Utah, By and Through Its Engineering Comm. v. Peek, 1 Utah 2d 263, 265 P.2d 630.

8. In Re Baxter's Estate, 16 Utah 2d 284, 399 P.2d 442.

lots and tracts on the key dates were substantially in excess of the gross proceeds received by Happy Valley for the conveyances thereof.

 Supplementary to the fact that there is no finding of fraud or bad faith in the transactions complained of, this also is to be said: The contract seems clear enough that the accounting to Sweeney should be on the basis of the "gross proceeds," that is, the actual amount that Happy Valley received for the lots. Consequently the order of the trial court that that is what Sweeney is entitled to is amply justified.

 Plaintiff's contention that the trial court refused to determine the rights of the parties under the contract is not supportable. The findings stated:

The agreement of August 8, 1957 imposes no obligation on Happy Valley to develop or sell the premises on any time schedule and plaintiff has no right of veto over Happy Valley's action with regard thereto, save and except that plaintiff's proper consent is required in the event Happy Valley seeks to sell or develop said premises other than for residential purposes and a shopping center.

From this and other findings it appears to us that the trial court has sufficiently spelled out the rights of the parties with respect to the issues in dispute in connection with the development of the properties under contract.

 For the reasons herein set forth, it is our opinion that there was neither abuse of discretion nor resulting injustice in trying the case without a jury; and that the judgment should be sustained. Costs to defendants (respondents).

McDONOUGH and CALLISTER, JJ., concur.

HENRIOD, C. J., concurs in the result.

WADE, J., heard the arguments, but died before the opinion was filed.