517 P.2d 1318

**Walter CORBET, dba Walter Corbet Trailer Sales, Plaintiff and Appellant,**

**v.**

**V. Loraine COX and Anna C. Cox, Defendants and Respondents.**

No. 13112.

Supreme Court of Utah.

Jan. 8, 1974.

James P. McCune, Provo, for plaintiff-appellant.

J. Ralph Atkin, St. George, for defendants-respondents.

HENRIOD, Justice:

Appeal from a directed verdict in favor of defendants. Affirmed with costs to defendants.

The parties seemed fairly agreed as to most of the facts. The controversion largely rests with their interpretation of a hand written memorandum prepared by plaintiff on a 3″ x 5″ card, which, so far

as the believable record is concerned, was signed by one of the defendants, Loraine Cox, without reading, and not at all by his wife, Anna, the other defendant, who refused to sign, at any time whatever, although having been requested so to do on several occasions. The memorandum had to do with an option in favor of the plaintiffs to purchase "lots" at "400 West 100 North," in St. George, Utah. It was dated "2–28–64." It said: "Received of Walter & Arta Corbet $150 for first year lease on lots facing main highway in West part of St. George, Utah owned by me, like amount to be paid each year on or before March 1st. For above lease money I give Walter & Arta Corbet a 5 year option to purchase said land for the sum of $5,000.00 cash." The yearly taxes were about $150. Corbets took possession only of lot 1 at the time of execution of the document, and proceeded to clear it to be used as a trailer home agency.

The part of the memo reading "owned by me" described no specific lots, but the county records showed Loraine to be the owner of lots 1, 2 and 3 on the highway mentioned,—and upon that record Corbet claimed to rely as to description of the property by reference, under the general language of the memo. He, but not his ex-wife, then asserted that the Coxes could not introduce any evidence to show that the parties had in mind anything else than all three of the recorded lots. This, even though the Corbets knew at the time of the memo that the Coxes eight years before had been offered $12,000 for the three lots, and even though the record reflects that the Coxes and an independent witness knew that only the one lot or "piece" was intended.

Under these circumstances, the plaintiff Corbet, who previously had, in a divorce action, acquired any interest his wife Arta may have had arising out of the memo, nonetheless pursued and appealed his action which he brought first against Loraine and then by amendment joining Anna as defendant which action he asserts was an equitable one for "specific performance."

If he be correct, a serious question is posed as to whether, having sought equity, he was doing it. However, it is unnecessary to determine this case on that basis.

Corbet's complaint was filed on February 21, 1968, just one week short of four years after the date of the memo, which may or may not be significant, but which also need not be dispositive here.

Defendant, Loraine, filed an answer, admitting he signed the memo, but urging that it applied only to lot 1, asserting Anna's dower interest, denying he was her agent, denying enforceability of the memo, and asserting the Statute of Frauds as a defense for Anna.[1]

1. See Rule 8, Utah Rules of Civil Procedure.

Issues were joined at pre-trial as to 1) legal effect of the option, 2) whether the memo was ambiguous and permitted explanatory evidence to clarify, and 3) the authority of Loraine to act for Anna, or the lack of it.

The plaintiff on appeal urges that the court erred over plaintiff's objection I) in granting defendants' request for a jury trial, II) declaring the memo ambiguous and admitting evidence of the circumstances incident to its execution, III) in admitting Exhibit D–1 in evidence, IV) in giving two specified instructions and V) in adjudging defendants entitlement to all of the property and that plaintiff had no title or interest therein.

■ As to I): Plaintiff says that because the action, being solely one in equity, without claim for damages, and hence one in which a jury cannot be demanded under Title 78–21–1, Utah Code Annotated 1953,[2] defendants were not entitled to a jury and the court erred in permitting one.

The issues recited above having been stated at a regular pre-trial hearing at which counsel for both sides were present, and no one having objected thereto save as to what might be resolved at a trial, would make it appear that the parties themselves almost of necessity must concede that this case involved something more than solely a question of specific performance, since the issues agreed upon at pre-trial involved more than a mere reading and interpretation of the alleged lease and option. Such issues as 1) agency of a sole signatory to bind a non-signing wife or anyone else, 2) whether the document was sufficiently unclear as to justify the introduction of evidence to clarify it, 3) and even the intentions[3] of the parties, all suggest matters presentable to an arbiter of the facts. Under such circumstances the statute and rule mentioned above hardly can be said to operate in a denial of such arbitrations, where such matters historically and traditionally entitle those having such questions of factual significance, to a trial as a matter of right, by a panel of their peers. We do not consider that the trial court erred in allowing the jury to deliberate on such factual matters, by permitting the venireman to answer questions essentially restricted to and related thereto. This author believes that although this court took the case from the jury in Sweeney v. Happy Valley,[4] it presented a standard quite applicable to the circumstances here, even where there was

---

2. "In actions for the recovery of specific real or personal property with or without damages, or for money claimed as due upon contract or as damages for breach of contract, or for injuries, an issue of fact may be tried by a jury, unless a jury trial is waived or a reference is ordered. Section 78–21–1, U.C.A. 1953." "The right of trial by jury as declared by the Constitution or as given by statute shall be preserved to the parties. Rule 38(a), U.R.C.P."

3. An eminent judge once said the state of a man's mind is as much a matter of fact as the state of his digestion.

4. 18 Utah 2d 113, 417 P.2d 126 (1966).

no doubt here, but where there was there when we said:

> In circumstances where doubt exists as to whether the cause should be regarded as one in equity, or one in law wherein the party can insist on a jury as a matter of right, the trial court should have some latitude of discretion. In making that determination it is not bound by the ostensible form of the action, nor by the particular wording of the pleadings. It may examine into the nature of the rights asserted and the remedies sought in the light of the facts of the case to ascertain which predominates; and from that determination make the appropriate order as to a jury or non-jury trial. The fact that the division of court hearing the pre-trial indicates that the case is set for a trial by jury is entitled to some consideration and should not be countermanded without good reason. Nevertheless it is the prerogative of the judge who actually tries the case to make the determination. Unless it is shown that the ruling was patently in error or an abuse of discretion, this court will not interfere with the ruling thereon.

This appears doubly significant when it is pointed out that the trial judge, who took under advisement a motion for a directed verdict before the jury went to deliberate, granted the motion after the jury returned.

█ After examining the record in this case we are constrained to conclude that there was an ample sufficiency of evidence and reason to justify the results in this case about which Corbet complains on appeal under Points II, IV and V of his brief and we so hold. There is some question in our minds as to Point III, having to do with admissibility of Exhibit D–1, an unexecuted document where a weak foundation was laid therefor, but we are convinced that if we said it was inadmissible, in the next breath we would have to declare it unprejudicial in light of the whole case.

CALLISTER, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.