**Ronald BRADSHAW, Plaintiff and
Respondent,**

v.

**Walter W. KERSHAW et al., Defendants
and Appellants.**

No. 13502.

Supreme Court of Utah.

Dec. 17, 1974.

---

1. Rule 55(c), U.R.C.P. provides that an entry of default may be set aside by the court for good cause shown.

Harley W. Gustin and Paul H. Liapis of Gustin & Gustin, Salt Lake City, for Kershaw.

Robert C. Cummings, Mark S. Miner and William H. Henderson of Madsen, Uno, Cummings & Harris, Salt Lake City, for Rogers, Rogers and Rockefeller Co.

Robert S. Campbell, Philip C. Pugsley of Pugsley, Hayes, Watkiss, Campbell & Cowley, Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

By an amended complaint filed on October 4, 1971, Bradshaw commenced a suit for specific performance of an alleged option to purchase real property against Kershaw, and to quiet title to the realty as against Rockefeller Land & Livestock Company. On March 8, 1972, Rockefeller Land & Livestock Company, hereinafter called Rockefeller, counterclaimed to quiet its title, and cross claimed against Walter Kershaw and Helen G. Kershaw, his wife, for damages for breach of warranty should it not be awarded title to the real property.

The lower court denied a trial by jury in the quiet title matters. There was no error in that matter, since the principal

thrust of the case to be decided was equitable, to wit: Specific Performance.[1]

The lower court ruled in favor of Bradshaw and ordered Kershaw to execute a general warranty deed to Bradshaw. It denied the claims of Rockefeller.

■ The dispute is principally concerned with realty which was originally owned by Grace Staples. She sold the land and some personalty on contract to Kesler, her son-in-law, and the matter was placed in escrow. Kesler, for value received, assigned all of his rights in the Escrow Agreement to Kershaw. Kershaw then gave an option to Christensen to purchase the property. The option contemplated that Christensen could obtain a Farmers Home Administration loan, and it was made out by filling in blank spaces on a form supplied by that Federal agency. The court found that Christensen paid $100 as consideration for the option and that the option was valid and enforceable.

The Farmers Home Administration refused to make the loan, and Kershaw and Rockefeller now claim that the option failed because Christensen was unable to secure the funds to pay for the land from the source which the parties had contemplated.

There is no merit to this contention since money obtained elsewhere is just as valuable as that which might have been borrowed from the Farmers Home Administration.

Christensen timely exercised the option on December 1, 1970, by sending a written notice thereof to Kershaw according to the provisions of the option contract. He then assigned his rights under the contract to Bradshaw, the plaintiff herein. Bradshaw then tendered the proper amount of money in escrow with directions to deliver it to Kershaw as soon as a warranty deed signed by Kershaw and one Dorothy Kershaw was presented.

The record does not show the marital status of Kershaw when the option was given on August 8, 1970, or when it was exercised on December 1, 1970, and Dorothy Kershaw is a stranger to the record and not a party to the option agreement.[2]

After Christensen had exercised the option, Kershaw on December 17, 1970, undertook to assign his rights in the land to Rockefeller. Christensen was in possession of the land, and there was testimony to justify the court's finding that the officers of Rockefeller knew of Christensen's option at and prior to the time of the assignment.

■ On this appeal Kershaw claims that the option was not properly exercised. However, that claim is not well taken. Once the option was exercised, a contract for the sale and purchase of the land came into being, and either party could offer to perform, and the other would be obligated to perform or be in breach of contract, since the promises were to be performed contemporaneously.

Although no claim of anticipatory breach is made by Rockefeller or Kershaw in this appeal, it is of interest to note that Corbin on Contracts, Section 973, states the law as follows:

. . . So, also, the making of a demand upon the other party to a contract that he shall perform in accordance with an interpretation that is not justified by the law is not in itself a repudiation;
. . . . .

An interesting case is Wheeler v. New Brunswick & Co.[3] There the parties contracted for 1000 tons of old rails. The seller wrote that he would supply 1000 tons of 2000 pounds each. When the contract was made, each of the parties understood that the pay was per long ton of 2240 pounds. The Supreme Court held that there was no repudiation.

1. See Holland v. Wilson, 8 Utah 2d 11, 327 P.2d 250 (1958).

2. Bradshaw claims that she was Kershaw's wife at the time of demand for deed.

3. 115 U.S. 29, 5 S.Ct. 1061, 29 L.Ed. 341 (1885).

The record in this case does not show whether or not Bradshaw reserved the offer to pay if a deed was signed by Kershaw alone.

It thus appears that the request of Bradshaw to have what he thought was the wife of Kershaw join in the deed is of no importance in this matter. The complaint only sought specific performance from Kershaw, and the judgment was that Kershaw alone specifically perform according to the contract.

As to the claim of Rockefeller against Kershaw for damages because of breach of warranty, no evidence was offered on the matter, and since officers of Rockefeller knew of the option, the court properly found against it.

Other matters assigned as error are so related to the matters above set forth that it is not necessary to discuss them herein.

The judgment is affirmed, and Bradshaw is awarded his costs on appeal.

CALLISTER, C. J., and CROCKETT, HENRIOD and TUCKETT, JJ., concur.