**P. James COLEMAN, Plaintiff and Appellant,**

v.

**R. Earl DILLMAN, Defendant and Respondent.**

**R. Earl DILLMAN, Plaintiff and Respondent,**

v.

**P. James COLEMAN and Karen Schefski, Defendants and Appellants.**

**Nos. 16666, 16926.**

Supreme Court of Utah.

Jan. 30, 1981.

---

31. *Management Services Corp. v. Development Associates*, Utah, 617 P.2d 406 (1980).

* Crockett, Justice, concurred in this case before his retirement.

Richard J. Leedy, Salt Lake City, for plaintiff and appellant.

M. David Eckersley, Salt Lake City, for defendant and respondent.

HALL, Justice:

P. James Coleman (hereinafter "plaintiff") initiated the first of these two lawsuits, seeking specific performance of a contract to purchase real property. R. Earl Dillman (hereinafter "defendant") initiated the second lawsuit, one in unlawful detainer, seeking damages and possession of the same real property. From an adverse judgment in each case, plaintiff appeals.

On January 15, 1975, defendant placed plaintiff in possession of a house and lot located at 2670 Creek Road in Salt Lake County. By plaintiff's account, possession was taken incident to an oral agreement to purchase for the sum of $36,000, payable at $303.29 per month, plus interest at 8½% or 9%. On the other hand, defendant maintained that he only rented the premises to plaintiff for the sum of $303.29 [1] per month pending a sale. The property was listed with a realtor and advertised for sale at $45,000. The "for sale" signs erected on the property were repeatedly removed by plaintiff.

It was undisputed that plaintiff fell substantially in arrears in the monthly payments. His payments were sporadic and frequently tendered with checks drawn upon insufficient funds. Some of the payments were designated as "house payments," but defendant issued "rent" receipts for all payments, which plaintiff admittedly altered prior to trial so as to delete the reference to rent. Plaintiff executed a note in favor of defendant which acknowledged the sum of $3,633 to be owing as rent as of November 11, 1976. He also altered that instrument prior to trial by crossing out the term "rent" contained therein. All payments ceased after December, 1976. Periodic requests thereafter for payment were met with promises of future payment from an expected inheritance.

---

1. The sum equal to defendant's monthly obligation on an outstanding deed of trust obligation.

On June 5, 1978, defendant served plaintiff with a notice to pay rent due or quit the premises. Plaintiff responded by filing the subject specific performance action. Prior to being served therewith, defendant filed the subject unlawful detainer action.

The cases were initially consolidated, but subsequently severed due to plaintiff's insistence upon a jury trial. The trial court honored plaintiff's demand for a jury in the unlawful detainer action, it being one at law, but denied a jury in the specific performance action, it being one in equity.

The court tried the specific performance case first. Plaintiff contended that he made improvements to the premises consisting of window installation, lawn planting, yard replacement following a flash flood, heater repairs, furnace motor replacement, and cleaning out the sewer several times. He also claimed to have obtained a commitment for title insurance which reflected outstanding judgments and liens against the property; to have applied for a loan to pay the purchase price in full; and to have offered payment in full at such time as the outstanding judgments and liens were satisfied. The trial court ruled against plaintiff on the basis that the evidence of part performance was insufficient to avoid application of the Statute of Frauds.

Thereafter, plaintiff elected to try the unlawful detainer action without a jury and, upon stipulated facts, the court evicted plaintiff and awarded defendant the sum of $3,633 as "rent."

Plaintiff's points on appeal pertain only to the specific performance action and consist of (1) that tender of the purchase price obviated the necessity of further monthly payments; (2) that it was error to deny a jury trial; and (3) that part performance took the contract out of the Statute of Frauds.

The Statute of Frauds[2] generally voids a contract for the sale of lands unless some note or memorandum thereof is written and subscribed by the party making the sale, the well-recognized exception being in the case of part performance.[3]

The doctrine of part performance was fashioned by courts of equity not to annul the Statute of Frauds, but only to prevent its being made the means of perpetrating a fraud.[4] The doctrine is to be applied with great care,[5] and a purchaser seeking to invoke it based upon possession of the land, coupled with improvements thereon, must establish that (1) possession was actual, open, exclusive and with the seller's consent; (2) improvements made were substantial, valuable and beneficial; (3) a valuable consideration was given in exchange for the conveyance; and (4) all of the foregoing was exclusively referable to the contract.[6]

In the instant case, plaintiff's possession of the property was not exclusively referable to a contract of purchase, but was also equally consonant with defendant's allegation of a rental agreement. The same is true of the so-called improvements to the property made by plaintiff during his occupancy thereof. Nothing was accomplished which could not be characterized as routine household maintenance by a renter,[7] and the trial court committed no error in so concluding. Moreover, the relatively small amount expended by plaintiff does not constitute such a substantial, valuable, or beneficial improvement to the property as would mandate a conveyance thereof in order to avoid inequity. In fact, the "improvements" claimed did not even approach the value of plaintiff's occupancy of the premises.

---

2. U.C.A., 1953, 25–5–3.

3. U.C.A., 1953, 25–5–8.

4. *Ravarino v. Price*, 123 Utah 559, 260 P.2d 570 (1953); see also, 2 Corbin on Contracts, Sec. 434.

5. Id.

6. *Holmgren Brothers, Inc. v. Ballard*, Utah, 534 P.2d 611 (1975).

7. By plaintiff's testimony, his expenditures for such purposes totalled less than $600.

Although seeking equity, plaintiff has failed to do equity by tendering the agreed-upon consideration, either in the form of payment of the November, 1976, note or by tender of subsequent monthly payments up to and including the time of trial. He seeks to avoid this obligation by asserting that he was hindered in his performance by the defendant's actions, or inactions. He alleges that it was his intention to secure financing in order to pay defendant the full "purchase price" of the property, but that financing was rendered unavailable due to the liens and encumbrances previously placed on the property by defendant.

It is a well-recognized principle of the law of contracts that one contracting party shall not prevent or hinder the performance of another.[8] However, the liens and encumbrances complained of existed against the property at the time of the alleged contract to purchase and therefore are not to be viewed as an attempt on the part of the defendant to hinder or prevent plaintiff's performance. In any event, had the plaintiff been able to obtain adequate financing, usual loan closing procedures would have assured him a clear title. Hence, it appears that plaintiff's obligation to tender consideration was unabated either by his inability to secure financing, or by any action or inaction on the part of defendant. We therefore hold that the trial court did not err in ruling that the alleged oral agreement to purchase was barred by the Statute of Frauds.

Finally, plaintiff contends that the denial of a jury trial constituted prejudicial error.

Where the issues presented are entirely or predominantly equitable in nature, a litigant is not entitled to a trial by jury as a matter of right.[9] An action for specific performance of a contract for the conveyance of real estate based on the doctrine of part performance is strictly equitable in character.[10] Consequently, plaintiff in this instance had no right to demand that the matter be tried to a jury.

What has been said heretofore is not altered by the fact that these two cases were initially consolidated, but thereafter severed for trial. Severance is a standard procedural practice, and may be resorted to for convenience and at the discretion of the trial court.[11]

The judgments of the trial court are affirmed. Costs to defendant.

MAUGHAN, C. J., and HOWE and OAKS, JJ., concur.

STEWART, J., concurs in the result.

8. *Ferris v. Jennings*, Utah, 595 P.2d 857 (1979); 6 Corbin on Contracts, Sec. 1323.

9. Rule 39(a), U.R.C.P.; *State Bank of Lehi v. Woolsey*, Utah, 565 P.2d 413 (1977); *Sweeney v. Happy Valley, Inc.*, 18 Utah 2d 113, 417 P.2d 126 (1966); *Holland v. Wilson*, 8 Utah 2d 11, 327 P.2d 250 (1958).

10. *Bradshaw v. Kershaw*, Utah, 529 P.2d 803 (1974).

11. Rule 42(b), U.R.C.P.