2004 UT 6

**STATE of Utah, Plaintiff and Petitioner,**

v.

**Jose Luis VICENTE, Defendant and Respondent.**

**No. 20020201.**

Supreme Court of Utah.

Jan. 23, 2004.

Mark L. Shurtleff, Att'y Gen., Jeanne B. Inouye, Asst. Att'y Gen., Salt Lake City, for plaintiff.

Joan C. Watt, Nisa J. Sisneros, Salt Lake City, for defendant.

PARRISH, Justice:

¶ 1 This petition arises from the in absentia sentencing of Jose Luis Vicente. In August 2000, Vicente pled guilty to attempted possession of marijuana with intent to distribute, a class A misdemeanor. The district court ordered Vicente to submit to a presentence investigation and appear for sentencing at a later date. Vicente failed to follow either of these orders, and the district court thereafter sentenced Vicente in absentia to the maximum penalty possible for his offense. Counsel for Vicente appealed the sentence, and the State objected, arguing that a fugitive defendant is not entitled to appeal. Despite Vicente's fugitive status, the court of appeals addressed the merits of Vicente's appeal and vacated the in absentia sentence as inconsistent with Utah Rule of Criminal Procedure 22(a) and Vicente's constitutional right to due process. *State v. Vicente,* 2002 UT App 43U, 2002 WL 257680; *see also State v. Wanosik,* 2003 UT 46, 79 P.3d 937.

¶ 2 We granted the State's petition for a writ of certiorari to address the question of whether or under what circumstances a fugitive defendant is entitled to pursue an appeal. At oral argument, counsel for the parties informed this court that Vicente was again in custody and therefore was no longer a fugitive. In addition, on December 5, 2003, Vicente was present for a district court hearing at which he was resentenced.

¶ 3 Vicente's recapture and subsequent resentencing render moot the issue raised by Vicente in the court of appeals, as well as the issue raised by the State in its petition for certiorari review. Because of Vicente's resentencing, a decision by this court on the issues raised by the parties would have no impact on Vicente's rights. *See State v. Sims,* 881 P.2d 840, 841 (Utah 1994) ("An issue on appeal is considered moot when the requested judicial relief cannot affect the rights of the litigants." (citation and quotation omitted)). This court generally does not consider mooted questions on appeal. "When an issue is moot, judicial policy dictates against our rendering an advisory opinion." *Id.* at 841–42 (citation and quotation omitted). Accordingly, we decline to address the question raised by the State on grounds of mootness and dismiss the petition.

¶ 4 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice WILKINS, and Justice NEHRING concur in Justice PARRISH's opinion.