2004 UT 43

**CENTRO DE LA FAMILIA DE UTAH, a Utah nonprofit corporation, Plaintiff and Appellant,**

v.

**Bonita CARTER, in her individual capacity and her capacity as Trustee of the Carter Family Trust; and Dream Chasers, LLC, a Utah limited liability company, Defendants and Appellees.**

No. 20030441.

Supreme Court of Utah.

May 28, 2004.

David J. Burns, Scott W. Hansen, Salt Lake City, for plaintiff.

Kevin N. Anderson, Salt Lake City, for defendants.

PARRISH, Justice:

¶ 1 In this interlocutory appeal, Centro de la Familia de Utah ("CDLF") asks us to review the district court's denial of its motion for preliminary injunction. We find that the issue presented by CDLF is moot and consequently dismiss the interlocutory appeal.

¶ 2 CDLF requested injunctive relief from the district court to stay potential eviction proceedings against it. CDLF feared eviction from former school property that it had renovated for use as a federal Migrant Head Start center. According to CDLF, Bonita Carter ("Carter") orally promised to convey the property to CDLF as a charitable donation. In reliance thereon, CDLF expended more than $680,000 to improve the property. After the renovations were complete, Carter refused to convey title. Accordingly, CDLF filed suit alleging, among other things, breach of oral contract. After commencement of the suit, Carter sent two separate letters demanding that CDLF vacate the premises. CDLF then sought a preliminary injunction to protect itself from eviction. The district court denied CDLF's motion for preliminary injunction, finding that CDLF could not satisfy the requirements set forth in rule 65A(e) of the Utah Rules of Civil Procedure.

¶ 3 CDLF filed its motion for preliminary injunction in March 2003, and the district court denied the motion on April 2, 2003. Although no injunction has been in place during the pendency of these proceedings, Carter has made no actual attempt to evict CDLF from the property. Moreover, when questioned during oral argument on this matter, Carter's counsel represented that his clients have "no immediate plans for eviction." Given the lack of any eviction proceedings and Carter's stated lack of intent to evict CDLF from the property, it does not appear that a decision on the interlocutory appeal would have any practical effect on the parties. Under these circumstances, the appeal is moot, and we therefore decline to consider the issues presented. *See State v. Vicente*, 2004 UT 6, ¶¶ 2–3, 84 P.3d 1191.

¶ 4 Despite the lack of any immediate plans to evict CDLF, the parties suggested at oral argument that resolution of this appeal is nevertheless necessary because the findings of fact and conclusions of law entered by the district court in denying the preliminary injunction will have a binding, preclusive effect in any forthcoming trial on the merits. Indeed, counsel for both parties represented that proceedings in the district court have been delayed pending this interlocutory appeal based on an assumption that our disposition of the preliminary injunction issue will bear on the final outcome of CDLF's claims against Carter. The parties base this assumption on an erroneous interpretation of rule 65A of the Utah Rules of Civil Procedure.

¶ 5 Rule 65A provides that "any evidence received upon an application for a preliminary injunction which would be admissible at the trial on the merits becomes part of the trial record and need not be repeated at the trial." Utah R. Civ. P. 65A(a)(2). In cases where a hearing on a motion for a preliminary injunction has been consolidated with the trial of an action on the merits, rule 65A promotes judicial economy by preventing duplicative presentations of evidence submitted in an injunction proceeding that would also be admissible at trial. The rule speaks to presentation of evidence only, however, and does not direct that findings and conclusions relating to an injunction are binding in a subsequent trial on the merits. In addition, rule 65A(a)(2) must be "construed and applied [so] as to save to the parties any rights they may have to trial by jury." *Id.*

¶ 6 In this case, the district court's ruling on CDLF's motion for preliminary injunction was based entirely on documentary evidence and testimony presented through affidavit. Because much of this evidence, such as the affidavit testimony, was not in a form "which would be admissible at the trial on the merits," it could not become a part of the trial record. Moreover, the district court's find-

ings and conclusions based on such evidence cannot provide a basis for disposing of the case on the merits. This is particularly true where CDLF's claims, or at least a portion of them, may be appropriate for trial by jury. *See* Utah Code Ann. § 78–21–1 (2003) (recognizing right to jury trial on issues of fact presented by certain types of actions); *Corbet v. Cox*, 30 Utah 2d 361, 517 P.2d 1318, 1319–20 (1974) (holding that plaintiff was entitled to jury trial on disputed factual issues presented in context of claim seeking specific performance of contract for sale of land); Utah R. Civ. P. 42(b) (allowing for a separate trial of claims or issues "in furtherance of convenience or to avoid prejudice").

¶ 7 In the interest of avoiding any further delay in the resolution of the underlying case, we dismiss CDLF's interlocutory appeal as moot. The parties are free to return to the district court for a bench trial or, on those claims or portions of claims where appropriate, for a trial by jury.

¶ 8 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice WILKINS, and Justice NEHRING concur in Justice PARRISH's opinion.